■ In the Matter of THEODORE R. DUSANENKO et al., Appellants, v SANDRA LEFEVER et al., Respondents, and EMIL CONFORTI, Respondent-Respondent.—In a proceeding to validate a petition for an opportunity to ballot in the Conservative Party primary election to be held on September 10, 1985 for County Executive of Rockland County, the appeal is from a judgment of the Supreme Court, Rockland County (Donovan, J.), dated August 19, 1985, which dismissed the proceeding.

Judgment reversed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The petition for an "Opportunity to Ballot" for the position of County Executive of Rockland County was rejected by the Board of Elections on various grounds, including the fact that the "Political Unit or Unit of Representation" required to be set forth in the petition (Election Law § 6-166) was designated as "County of Rockland Conservative Party" instead of simply "County of Rockland." Special Term declared the petition invalid, stating that the designation was "misleading, uninformative and confusing." It stated that the designation could be construed either for a public office or a party position.

Upon an examination of the petition, we disagree. Immediately adjacent and to the left of the "Political Unit or Unit of Representation" designation, the petition includes a designation entitled "Public Office or Conservative Party Positions". Under that designation, the petition states "County Executive of Rockland County". Thus, the petition indicated that it was for a public office.

The requirement that the designation of the public offices and party positions sought be sufficiently precise is distinguishable from other positions of the Election Law that require specific information in particular form, such as Assembly and Election District numbers, for which paraphrasing or

substitution of equivalent information is inadequate (*see, e.g., Matter of Higby v Mahoney,* 48 NY2d 15). In the case at bar, while the information under the designation "Political Unit" may not have been precise, the information set forth under the "Public Office" designation was sufficiently informative so as to preclude any reasonable possibility that voters might be confused or deceived (*see, Matter of Donnelly v McNab,* 83 AD2d 896).

Therefore, the judgment should be reversed. Since Special Term declined to address the other objections to the petition, the matter is remitted for a determination with respect to the other issues raised by the respondent-respondent. Mangano, J. P., Brown, Weinstein and Kooper, JJ., concur.