(September 4, 1985)

■ In the Matter of EMIL CONFORTI, Respondent, v SANDRA LEFEVER et al., Respondents, and FLORENCE DREWS et al., Appellants.—In a proceeding to invalidate a petition for an opportunity to ballot in the Conservative Party primary elec-

tion to be held on September 10, 1985 for Rockland County Legislator from the Town of Stony Point, the appeal is from a judgment of the Supreme Court, Rockland County (Donovan, J.), dated August 2, 1985, which, *inter alia,* declared the petition invalid.

Judgment reversed, on the law, without costs or disbursements, proceeding dismissed, and the Rockland County Board of Elections is directed to treat the petition for an opportunity to ballot as valid.

Upon petitioner's challenge of the determination of the Board of Elections allowing the petition for an "Opportunity to Ballot" for the Conservative Party designation for Rockland County Legislator from the Town of Stony Point to stand, Special Term declared the petition invalid on the ground that the "Political Unit or Unit of Representation" required to be set forth in the petition (Election Law § 6-166) was designated as "Stony Point Conservative Committee" instead of "Stony Point" or "Legislative District No. 1" and, as such, was "misleading, uninformative and confusing".

Upon examination of the petition, we disagree. To the left of the "Political Unit or Unit of Representation" designation, the petition contains "County Legislator District No. 1—Stony Point" under the designation "Public Office or Conservative Party Positions".

This case is indistinguishable from the recently decided case of *Matter of Dusanenko v Lefever* (112 AD2d 1076, *appeal dismissed* 65 NY2d 940), where this court reversed Special Term's judgment declaring invalid a petition for an "Opportunity to Ballot" for the position of County Executive of Rockland County which designated the "Political Unit or Unit of Representation" as "County of Rockland Conservative Party" instead of simply "County of Rockland". There, too, the petition included a designation entitled "Public Office or Conservative Party Positions" and under that designation the petition stated "County Executive of Rockland County". After noting that the designation in a petition of the public offices and party positions sought need not be as precise as information such as Assembly and Election District numbers, this court concluded that "while the information under the designation 'Political Unit' may not have been precise, the information set forth under the 'Public Office' designation was sufficiently informative so as to preclude any reasonable possibility that voters might be confused or deceived (*see, Matter of Donnelly v McNab,* 83 AD2d 896)" (*Matter of Dusanenko v Lefever, supra*).

Therefore, the judgment appealed from should be reversed, and the petition for an "Opportunity to Ballot" declared valid. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.