## (May 26, 1964)

◼ In the Matter of FRANK J. CAFFERY, Appellant, v. JAMES R. LAWLEY et al., Constituting the Board of Elections of Erie County, and PATRICIA A. GRIFFIN et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party, and respondents Commissioners directed to place upon the primary ballot the name of Frank J. Caffery, one of the persons designated to the position of Member of the State Assembly, Fourth Assembly District, Erie County, State of New York, to be voted for at the Democratic primary election to be held on June 2, 1964. Memorandum: While other issues were litigated at Special Term the sole question presented upon this appeal is whether the designating petition substantially complies with the requirements of section 135 of the Election Law as to designation of the public office to be sought at a primary election. The petitions described the public office as "Member of State Assembly 4th Assembly District". Objection thereto was filed upon the ground that "the form is not in accordance with the Election Law". When spelled out the complaint was that the words "Erie County" were omitted from the description. The objection was sustained by the Board of Elections and this determination was in substance confirmed by Special Term and appellant's petition dismissed. We conclude that such holdings took a much too narrow view of the mandate of section 135 of the Election Law that a petition should be in "substantially" the form prescribed therein. It appears that Erie and Monroe Counties are the only counties outside of the metropolitan area having four or more Assembly Districts. The purpose of requiring reasonable precision as to the form of such petitions is to avoid confusing or deceiving the Board of Elections or party voters who propose

to sign such petitions. (Cf. *Matter of Pearson* v. *Board of Elections*, 284 App. Div. 649.) Moreover, " enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature." (*Matter of Carusone* v. *Varney*, 277 App. Div. 326, 328, affd. 301 N. Y. 669.) We are unable to visualize how any enrolled voter or public official could possibly have been confused or deceived into believing that appellant was seeking any public office except Member of Assembly in the Fourth Assembly District of Erie County. Noonan, J., not participating. (Appeal from order of Erie Special Term dismissing the petition.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.