■ In the Matter of JOSEPH S. MARGOLIS, Appellant, v. WILLIAM F. LARKIN et al., Constituting the Board of Elections of the City of New York, and ROBERT A. HOLLIS, Respondents.— In a proceeding to validate petition designating appellant as a candidate in the Liberal Party Primary Election to be held on June 20, 1972 for the party position of Assembly District Leader of the 61st Assembly District, the appeal is from a judgment of the Supreme Court, Richmond County, entered June 12, 1972, which denied the application. Judgment reversed, on the law and in the interests of justice, without costs, petition granted, and designating petition validated. In his designating petition, appellant purported to be running for the office of Associate Assembly District Leader for the 61st Assembly District, Richmond County, of the Liberal Party. The County Committee decided that there should be two Assembly District Leaders rather than one and an associate (see Election Law, § 15, subd. 3, § 18). We think that, in spite of the misnomer, appellant intended, as did his constituency, that he should seek the position of Assembly District Leader. Accordingly, the judgment should be reversed and the designating petition should be deemed valid for the office of Assembly District Leader of the 61st Assembly District, Richmond County, of the Liberal Party. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of JAMES J. METZGER, Respondent, v. THOMAS M. HIDALGO et al., Respondents. ROBERT R. BAILY, Appellant.— In a proceeding to invalidate petitions designating respondents Thomas M. Hidalgo and Theresa M. Rodriguez as candidates in the Conservative Party Primary Election to be held on June 20, 1972 for the party positions of District Leader and Associate District Leader, respectively, of the 51st Assembly District, an objector to petitions designating petitioners as candidates for the same positions appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered June 7, 1972, as validated petitioners' designating petitions and directed the respondent Board of Elections to print petitioners' names on the primary ballots as such candidates. Judgment reversed insofar as appealed from, on the law, without costs. In a proceeding to invalidate a designating petition, the court may not validate another designating petition without the objector to the latter petition having been named and served and without a proceeding to validate the latter designating petition (cf. Matter of Swan v. Cohen, 179 Misc. 69, affd. 262 App. Div. 956, affd. 286 N. Y. 678). Rabin, P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.