■ In the Matter of GALE A. DENN, Appellant, v EDWARD J. MAHONEY, et al., Constituting the Board of Elections of the County of Erie and Judith Gaughan, Respondents.—Order unanimously affirmed, without costs. Memorandum: Appellant instituted this action pursuant to section 16-102 of the Election Law to direct the respondent Board of Elections to include his

name on the primary ballot for Democratic candidate for Assemblyman for the 147th Assembly District. Subdivision 1 of section 6-132 of the Election Law, as did its predecessors, requires that each sheet of a designating petition list the public office or party position sought by the designee. Here, each of the sheets of the appellant's petition failed to identify the public office or party position that he sought other than to specify "147 Assembly District" which could be construed to describe not only the public office of Member of the Assembly but also a party position such as delegate to the judicial convention from the 147th Assembly District (Election Law, § 6-124). "The purpose of requiring reasonable precision as to the form of such petitions is to avoid confusing or deceiving the Board of Elections or party voters who propose to sign such petitions." *(Matter of Caffery v Lawley,* 21 AD2d 749, 749-750, affd 14 NY2d 768.) Designating petitions have been invalidated where recourse to the petition as a whole could not supply the omission or deficiency (see *Matter of Lyden v Katz,* 29 Misc 2d 1072, 1076-1078, revd on this ground 14 AD2d 820, revd and order at Special Term reinstated for reasons stated at Special Term 10 NY2d 891). (Appeal from order of Erie Supreme Court—Election Law.) Present—Moule, J. P., Cardamone, Dillon, Schnepp and Witmer, JJ. (Decided Aug. 23, 1978.)