■ In the Matter of MARTIN A. DONNELLY et al., Respondents, v EVERETT MCNAB et al., Respondents, and ANTHONY VISCUSO et al., Appellants. — In a proceeding to, *inter alia,* validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member from various election districts, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered August 20, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. The identification of the party position sought omitted a geographic detail (the town name) that would have made the description more precise. However, given the information in the rest of the petition, it was sufficiently informative under section 6-132 of the Election Law so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections (see *Matter of Denn v Mahoney,* 64 AD2d 1007; *Matter of Cook v Zelazny,* 49 AD2d 1036; *Matter of Murray v Coveney,* 39 AD2d 932; *Matter of Margolis v Larkin,* 39 AD2d 952, affd 30 NY2d 876; *Matter of Caffery v Lawley,* 21 AD2d 749, affd 14 NY2d 768; *Matter of Pearson v Board of Elections of City of Syracuse,* 284 App Div 649; *Matter of Carusone v Varney,* 277 App Div 326, affd *sub nom. Matter of Barber v Varney,* 301 NY 669; *Matter of Praete v Van Wart,* 47 Misc 2d 898; *Matter of Duffy v Board of Elections of County of Westchester,* 40 Misc 2d 175). There is no claim that the identification was inaccurate and that therefore, whether or not ambiguous for lack of specificity or precision in description, there was some impairment of the board of elections' ability to ascertain the candidate's qualifications and the indicated office's availability (see *Matter of Kiley v Coveney,* 77 AD2d 941, affd 51 NY2d 721; *Matter of Roland v Toepfer,* 64 AD2d 963; *Matter of Lane v Meisser,* 24 AD2d 720). Finally, the requirement that office descriptions be sufficiently precise as well as accurate must be distinguished from other provisions of the Election Law that require specific information in particular form, such as an Assembly District number, for which paraphrasing or substituting equivalent information is inadequate (see, e.g., *Matter of Higby v Mahoney,* 48 NY2d 15; *Matter of Rutter v Coveney,* 38 NY2d 993). Appellants' other arguments have been considered and found to be without merit. Mollen, P.J., Hopkins, O'Connor and Weinstein, JJ., concur.