the party position of County Committee Member, from the 90th Election District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of JOHN T. MANZI et al., Respondents, v EVERETT McNAB et al., Respondents, and SALVATORE GALLETTA et al., Appellants. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member from various election districts, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 20, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of JOHN R. MOORE et al., Respondents, v EVERETT McNAB et al., Respondents, and PAUL M. O'BRIEN, Appellant. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member from the 127th Election District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of BEVERLY A. NILAND et al., Respondents, v EVERETT McNAB et al., Respondents, and ANN D. PORZIO et al., Appellants. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member from various election districts, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 20, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of GEORGE A. STEELE, Appellant, v FRANK COVENEY et al., Respondents, and LOUIS T. HOWARD, Respondent. — In a proceeding to invalidate petitions designating Louis T. Howard as a candidate in the Right to Life Party Primary Election to be held on September 10, 1981 for the public office of Suffolk County Legislator, 14th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 21, 1981, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. We find no merit in appellant's contention that the designating petition failed to validly designate the office in issue (see *Matter of Donnelly v McNab,* 83 AD2d 896). Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of WILLIAM W. THOELIN et al., Respondents, v EVERETT McNAB et al., Respondents, and DONNICA M. ROTUNDO, Appellant. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981 for the party position of County Committee Member from the 31st Election

District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of PAUL W. THORPE, JR., et al., Respondents, v EVERETT McNAB et al., Respondents, and WILLIAM D. BROTHERTON, JR., Appellant. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member, from the 136th Election District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of CHARLES TIMEUS et al., Respondents, v EVERETT McNAB et al., Respondents, and JOAN RAFFERTY, Appellant. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member, from the 62nd Election District, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of CHESTER B. WALLACE, Appellant, v FRANK COVENEY et al., Respondents, and ANTHONY NOTO, Respondent. — In a proceeding to invalidate petitions designating Anthony Noto as a candidate in the Right to Life Party Primary Election to be held on September 10, 1981 for the public office of Suffolk County Legislator, 12th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 21, 1981, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. We find no merit in appellant's contention that the designating petition failed to validly designate the office in issue (see *Matter of Donnelly v McNab,* 83 AD2d 896). Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

## (August 31, 1981)

■ DAVID BARNES et al., Respondents, v BERNARD GOULD et al., Appellants. — In an action to recover damages for fraud, defendants appeal from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered September 23, 1980, which denied their motion for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, defendants' motion for summary judgment is granted, and the complaint is dismissed. The disclaimer and merger clauses in the contract of sale between the parties, which state in pertinent part that the plaintiff purchasers disclaimed reliance on any representation by the defendant sellers as to the "physical condition" of the premises, are sufficiently specific to bar plaintiffs' action based on alleged fraudulent misrepresentations by defendants as to the