■ In the Matter of JONATHAN G. JACOBSON, Respondent, v RICHARD E. SCHERMERHORN, Appellant, et al. Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 20, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to

section 16-102 of the Election Law, to declare invalid the designating petition naming respondent Richard E. Schermerhorn as a Conservative Party candidate for the office of State Senator from the 39th Senatorial District in the September 11, 1984 election.

Respondent Schermerhorn timely filed a 17-page petition designating him as a candidate for the Conservative Party nomination for State Senator from the 39th Senatorial District. Although the top of each of the 17 pages of the petition indicates that the office being sought is "Member of State Senate from the 39th Senatorial District State of New York", the cover sheet required for the petition listed the office as "39th Senatorial District". After being challenged on various grounds, the designating petition was ruled invalid by Special Term on the basis that it failed to comply with the requirement of subdivision 2 of section 6-134 of the Election Law that the cover sheet "indicate the office for which each destination and nomination is being made".

We agree. Since both delegates to a State constitutional convention (NY Const, art XIX, § 2) and State Senators are elected from State senatorial districts, it cannot be said that the description of the office which appeared on the cover sheet was incapable of confusing or deceiving the Board of Elections with whom it would be filed (see *Matter of Denn v Mahoney*, 64 AD2d 1007). Special Term's judgment invalidating the designating petition must, accordingly, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.