■ In the Matter of GERALD H. LIEPSHUTZ, Appellant, v LAWRENCE PALMATEER, JR., et al., Constituting the Greene County Board of Elections, et al., Respondents.—Per Curiam. Appeal from an order of the Supreme Court at Trial Term (Conway, J.), entered August 16, 1985 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Daniel K. Lalor as the Democratic candidate for the office of County Judge of Greene County in the September 10, 1985 primary election.

Petitioner and respondent Daniel K. Lalor are seeking to become the Democratic candidate for the office of County Judge of Greene County in this year's election. Lalor's designating petition contained 528 signatures, with 284 valid signatures required for a spot on the Democratic primary ballot. Petitioner commenced this proceeding to invalidate Lalor's designating petition. In addition to raising specific objections to each page of the designating petition, petitioner raised several objections to the petition as a whole, including, *inter alia*, that the cover sheet and individual pages of the petition failed to sufficiently describe the public office being sought by Lalor. The basis for this latter objection was Lalor's failure to make any reference to Greene County in describing the office being sought as simply "County Judge".

After conducting a "line-by-line" hearing, Trial Term rejected petitioner's objection to the petition as a whole based on the description of the office being sought and invalidated 173 of the petition's signatures. Since 355 valid signatures remained (more than the 284 needed), Trial Term dismissed petitioner's challenge to Lalor's designating petition. This appeal by petitioner ensued.

Candidates must strictly comply with the mandates of Election Law § 6-132 (1) and § 6-134 (2) requiring that the individual pages and cover sheet of a designating petition contain the name of the public office or party position being sought (*Matter of Smith v Mahoney*, 60 NY2d 596). Since, unlike many other items of information required to be present in a designating petition, the name of the public office being sought is capable of description in a variety of ways, a rule has developed which allows a description of the office which is

"sufficiently informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" (*Matter of Donnelly v McNab,* 83 AD2d 896; *accord, Matter of Jacobson v Schermerhorn,* 104 AD2d 534).

Lalor's designating petition is alleged to be defective in that its cover sheet and individual pages list the office being sought as "County Judge" without making any reference to Greene County. The description of any public office is comprised of two components—one part describing the title of the office holder (County Judge in this case) and a second part describing the geographic territory covered by the office (Greene County in this case). Lalor's petition thus contains the title but not the geographic territory of the office he is seeking

In cases in which the geographic territory has appeared on the designating petitions without reference to the title of the office, petitions have been invalidated where more than one title of public office or party position are elected from the particular geographic territory involved (*Matter of Jacobson v Schermerhorn, supra* [both delegates to State Constitutional Convention and State Senator are elected from State Senatorial District]; *Matter of Denn v Mahoney,* 64 AD2d 1007 [both delegates to judicial convention and Member of State Assembly are elected from State Assembly District]). The common thread in these two decisions was that confusion could occur to those reading the petition since the ambiguity in the *title* of the office involved could not be resolved by any other information in the designating petition.

In *Matter of Donnelly v McNab (supra),* however, the converse situation occurred with the title of the office appearing without reference to the geographic territory involved. Designating petitions involving the party position of County Committee Member from various election districts in the Town of Babylon, Suffolk County, were upheld despite the lack of any reference to the Town of Babylon since other information contained in the rest of the petition precluded any reasonable probability of confusion (*id.*).

In the instant case, like in *Donnelly,* the failure to describe the geographic territory of the office involved does not create a "reasonable probability of confusing or deceiving the signers, voters or board of elections" (*Matter of Donnelly v McNab, supra,* p 896). At the top of each and every page of the petition and cover sheet, the residence of Lalor is listed as "58 William Street, Catskill, New York 12414". In view of the fact that

Catskill is the county seat of Greene County, there does not appear to be any reasonable probability that someone dealing with Lalor's petition for "County Judge" could have thought that it represented any county other than Greene County.

Turning to the line-by-line challenges, we will first deal with the witness statements. Election Law § 6-132 (2) mandates that the witness statement contain, *inter alia,* the residence address of the witness as well as the town or city in which the witness resides. On page 20 of the designating petition, the witness gave her post-office box which is not satisfactory as a residence address (*see, Matter of Hess v Di Pronio,* 96 AD2d 1134; *Matter of Ike v Di Pronio,* 96 AD2d 1134). Thus, the one signature on that page not stricken by Trial Term must be invalidated. On pages 18 and 45, the witnesses provided geographic locations which are not towns. Thus, the 10 remaining signatures on these pages must be invalidated. Finally, regarding pages 8 and 16, an individual gave uncontradicted testimony that she added the date to the witness statements on those pages after they were signed and not in the presence of the witnesses, thus rendering the remaining 30 signatures on these pages invalid (*see, Matter of Sheldon v Sperber,* 45 NY2d 788).

Turning to the individual signers, Election Law § 6-130 (1) states that signers must provide "the full name of the signer, his residence address, ward (if any), election district, town or city * * * and the date when the signature is affixed". On pages 6, 29 and 37, there are a total of 11 signers whose signatures were not stricken by Trial Term who gave improper towns. These signatures must be invalidated.[1] Additionally, on pages 14 and 36, a total of three remaining signers failed to provide complete residence addresses, thus mandating invalidation.[2] It is also necessary that the correct election

---

1. Page 6: lines 1, 2, 4, 6 and 13

Page 29: lines 5 through 9

Page 37: line 1

We note that on page 12, the signer on line 12 gave an improper town and this signature was not stricken by Trial Term. However, the signature on line 11 was apparently stricken for "wrong town". Since the town given was, in fact, correct, we will assume that Trial Term intended to strike the signature on line 12 and count the signature on line 11 as valid.

2. Page 14: line 14

Page 36: lines 6 and 7

On page 16, the signers on lines 4 and 11 through 13 gave inadequate residences. Also, the signature on line 8 should have been stricken since it was concededly invalid. However, we have already stricken this entire page because of a defect in the witness statement.

district and ward, if any, be provided, and this requirement has been strictly construed (*Matter of Hunter v Compagni*, 74 AD2d 1000; *Matter of Klemann v Acito,* 64 AD2d 952, *affd* 45 NY2d 796; *see also, Matter of Higby v Mahoney,* 48 NY2d 15). On page 2 of the designating petition, each signer gave his or her election district as "102". Such a district does not exist, the signers apparently confusing election district with Assembly District. The 18 signatures on this page must therefore be invalidated. Additionally, the eight signatures on pages 40 and 42 which contain incorrect wards must be invalidated.[3]

Based on the defects in the witness statements, we have stricken 41 signatures. Based on defects with regard to the individual signers, we have stricken another 40 signatures. Trial Term invalidated 173 signatures, but that number must be reduced by one because of a tallying error regarding page 14 of the designating petition. As a result, 253 of the 528 total signatures are invalid, leaving only 275 valid signatures. Since 284 valid signatures are necessary, the designating petition at issue must be declared invalid.

Because there are an insufficient number of valid signatures, we do not reach petitioner's contention that the designating petition should have been invalidated, regardless of the number of valid signatures, for fraud and irregularity throughout the signature gathering process.

Order reversed, on the law, without costs, petition granted and designating petition declared invalid. Mahoney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

---

3. Page 40: lines 1 through 6
Page 42: lines 1 and 4
The 17 signers on page 8 also gave incorrect wards. However, we have already stricken this entire page because of a defect in the witness statement.