OPINION OF THE COURT
Lewis R. Friedman, J.
These primary election proceedings seek to validate and invalidate the petition designating Stanley B. Green as a *35 candidate for the public office of Judge of the Civil Court of the City of New York, Bronx County, Assigned Vacancy No. 12. The issues were referred to Special Referee Mary Lynn Dlabola to hear and report with recommendations. The Referee heard the parties and filed a report. The court has heard counsel for both sides.
The Board of Elections found Stanley Green’s petition to be sufficient and valid. Accordingly, the petition to validate is dismissed as academic and moot.
The issues did not involve questions of fact. Rather the question is whether the petition accurately described the public office sought and whether the petition was timely filed.
The petition describes the office as "Judge of the Civil Court of the City of New York, Bronx County, Assigned Vacancy # 12.” Petitioner contends that the description fails to identify whether Mr. Green is running in a countywide seat or for a municipal district seat. This year there are two countywide seats and one in the First Municipal Court District.
Election Law § 6-132, applicable to all offices, prescribes the form of petition and requires that the public office be indicated. Section 6-168 (2), applicable specifically to the Civil Court of the City of New York, provides: "A designating petition for any candidate for any such office shall include in the title of the office for which a designation is being made, the number assigned by the board of elections to the vacancy for which such candidate is designated.”
There is little doubt that the position being sought is Judge of the Civil Court of the City of New York. (NY Const, art VI, § 15 [a].) The Civil Court is a single citywide court. (See, Matter of Catapano v Goldstein, 45 NY2d 810, revg on dissent of Shapiro, J. 64 AD2d 88.) Thus, the position is correctly identified. Further, the assigned vacancy number for one of the countywide seats was included in the description of the office as required by Election Law § 6-168 (2). Thus, the court finds that the petition meets the statutory requirements.
Petitioner argues that the absence of an indication whether a district or countywide seat was sought makes the petition misleading.
The cases cited by petitioner are inapposite. In Matter of Kiley v Coveney (77 AD2d 941) a petition was invalidated because it stated that it was for the position of District Court Judge from the First District, where there was no vacancy, instead of from the Second District, where there was (see, e.g., *36 Matter of Roland v Toepfer, 64 AD2d 963). Similarly, in Matter of Denn v Mahoney (64 AD2d 1007), a petition was invalidated where it listed the "147 Assembly District” without indicating whether the office sought was Member of the Assembly or Delegate to the Judicial Convention. Here, the office is clearly stated.
In any event, the petition also refers to Bronx County as part of the office which gives the signer information that a countywide position was sought. The rule is well settled that a petition is not invalid if part of the description of the public office is omitted so long as the petition as a whole is intelligible and not misleading. (See, e.g., Matter of Donnelly v McNab, 83 AD2d 896; Matter of Liepshutz v Palmateer, 112 AD2d 1101, 1102, affd on other grounds 65 NY2d 965.) The court finds the petition valid in that respect.
Of course, had the office sought been a Municipal Court District vacancy, there might well be a different result. The petition, without the limiting information, would provide incorrect information to the signers and might be deceiving. Civil Court candidates must exercise great care to avoid problems in the future, by indicating the geographic district in which they are candidates.
Petitioner also argues that the petition, which was filed at 11:30 p.m. on July 13, 1989, the last day to file, was untimely.
The petitioner on the invalidating petition argues that the volumes were filed after 5:00 p.m. on July 13, 1989, and therefore were untimely. That position is based on his reading of Election Law § 1-106 (1). The statute requires all papers to be filed between the hours of 9:00 a.m. and 5:00 p.m. and permits papers postmarked before midnight of the last day to be timely filed when received. The section then states in pertinent part that "except that all * * * petitions of designation or nomination * * * required to be filed with the board of elections of the city of New York must be actually received by such city board of elections on or before the last day to file any such petition * * * and such office shall be open for the receipt of such petitions * * * until midnight on the last day to file any such petition”.
Petitioner contends that the quoted language restricts the timely filing of papers after 5:00 p.m. to the receipt of papers by mail.
*37 While the Referee found the quoted language to be "worded somewhat ambiguously”, the court does not. The statute requires actual receipt in New York City "on or before the last day”. It does not specify when during the day, but it does require the Board to "be open for the receipt of such petitions” until midnight. There is no language of limitation in the statute and no requirement that only mail receipt after 5:00 p.m. is authorized. The section was last amended in 1977 long after the post office stopped nearly all late-night special delivery services. Surely the rarity of late-night delivery was not the reason for the expense of keeping the Board open for seven hours.
The legislative history of the 1977 amendment makes it apparent that the intent of the Legislature was to permit filing of any papers up until midnight of the last day and to require actual receipt by the New York City Board of all papers by the midnight deadline. The memorandum of the sponsors, Assemblymen Calhane and Miller and Senator Calandra, in support of A 1844 leaves no room for argument. Neither does the July 11, 1977 letter to counsel to the Governor from the State Board of Elections, urging signature of A 1844. The State Board again noticed that the statute requires the Board to be open for receipt of papers until midnight. No limitations are noted.
Petitioner argues that a contrary reading is possible because the amendment added the new language to the sentence concerning filing by mail. When the clear language and interest of the statute are obvious, the grammatical construction of the sentence must give way. As the Referee correctly notes, the 1977 amendment provides that the failure of the "post office or any other person or entity”, to make timely filing is fatal. If the purpose of the amendment was to permit only the post office to file late, the statute says the contrary. There was no reason to refer to "other persons”.
Further, the Board’s own rules provide that the Board "shall be open for the receipt of such petitions * * * until midnight on the last day to file”. The interpretation of an agency charged with the administration of a rule is entitled to great weight. (Matter of Herzog v Joy, 74 AD2d 372, 375, affd on opn below 53 NY2d 821.)
Moreover, there is the well-established, time-honored tradition of candidates, attorneys and advisors who stay at the *38 Board until midnight to await last minute filings. The statute has not been found to be ambiguous by any of them for decades.
In short, the entire petition was timely.
The petition to invalidate is denied. The petition to validate is dismissed as academic.