■ In the Matter of RAPHAEL AMELIO, JR., Appellant, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.—In a proceeding to invalidate petitions designating Charles Balancia, Daniel A. Piloseno and Pamela Trapasso King as candidates in the Conservative Party primary election to be held on September 12, 1989, for the public offices of Supervisor/Mayor, Councilman/Trustee, and Councilman/Trustee, respectively, of the Town of Harrison, the appeal is from a judgment of the Supreme Court, Westchester County (Facelle, J.), entered August 10, 1989, which denied the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner contends that the candidates' designating petitions violated Election Law § 6-132 in that the petitions did not set forth the political subdivision for the public offices for which the candidates were seeking nomination. A review of the designating petitions reveals that their respective descriptions of the public offices sought omitted a geographic detail (the town name) that would have made the descriptions more precise. However, the designating petitions read as a

whole were "sufficiently informative" to show that the town involved was the Town of Harrison *(Matter of Donnelly v McNab,* 83 AD2d 896). Each page of the respective petitions listed the candidate's residence as the Town of Harrison. Such information, in conjunction with the title of the public offices sought, was sufficiently informative as to preclude any reasonable probability of confusion and was sufficient to constitute compliance with the mandate of Election Law § 6-132 *(see, Matter of Liepshutz v Palmateer,* 112 AD2d 1101, *affd* 65 NY2d 965).

We also find no merit to the petitioner's related assertion that the inclusion of a post-office address for each candidate created a reasonable probability of confusion. Election Law § 6-132 requires that each designating petition include a post-office address if it is not the same as the place of the candidate's residence.

We have examined the petitioner's remaining contention and find it to be without merit. Mollen, P. J., Mangano, Thompson, Bracken and Brown, JJ., concur.