■ In the Matter of JOHN H. DIPPLE, Appellant, v GEORGE DEVINE et al., Respondents. [630 NYS2d 808] —Per Curiam. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered August 18, 1995 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent George Devine as the Republican Party candidate for the office of Ulster County Legislator in the September 12, 1995 primary election.

Respondent George Devine filed a petition with respondent Ulster County Board of Elections (hereinafter Board) designating him as a candidate for the Republican Party nomination for the office of "County Legislator" at the September 12, 1995 primary election. After being challenged on various grounds by petitioner, the designating petition was ruled valid by the Board. Petitioner then commenced this proceeding seeking to invalidate the petition solely on the ground that the designating petition failed to sufficiently describe the public office being sought by Devine. The basis for this objection was Devine's failure to include the specific legislative district in which he was running. Petitioner contended that "County Legislator" was not sufficient and that Devine was also required to indicate that he was running in the seventh legislative district. After conducting a hearing, Supreme Court concluded that the failure to specify the legislative district did not warrant invalidation of the designating petition and, accordingly, it dismissed the proceeding. This appeal by petitioner followed.

We affirm. Unlike many of the informational items required to be set forth on a designating petition, the name of the office which a candidate is seeking to occupy may be described in various ways (see, Matter of Liepshutz v Palmateer, 112 AD2d 1101, affd 65 NY2d 965). Thus, so long as the description of the office is "sufficiently informative under section 6-132 of the Election Law so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections"

(*Matter of Donnelly v McNab*, 83 AD2d 896, *lv denied* 54 NY2d 603), it will be upheld. Here, in our view, the designating petition adequately describes the office for which Devine is running and avoids any reasonable probability of confusion.

On each page of the designating petition, Devine lists as his place of residence "214 DuBois Rd. New Paltz, N.Y. 12561". Although that is only Devine's post office address and he actually resides in the Town of Gardiner, Ulster County, both the Towns of New Paltz and Gardiner are located exclusively within the seventh legislative district.* Petitioner claims that individuals who reside in districts other than the seventh legislative district may also have a New Paltz mailing address. He has, however, offered no proof in support of this assertion. Thus, based on the record before us, such a claim may be viewed as nothing more than pure speculation and, in any event, fails to indicate a "reasonable probability" that someone dealing with Devine's petition could have thought that he was running in a legislative district other than the seventh legislative district. While the New Paltz address was not Devine's actual physical place of residence, it was his correct mailing address. In view of this fact and the fact that the Town of New Paltz is wholly within the seventh legislative district, the failure to specify the town in which Devine actually resided did not, under the particular circumstances of this case, create "any reasonable probability of confusion and was sufficient to constitute compliance with the mandate of Election Law § 6-132" (*Matter of Amelio v D'Apice*, 153 AD2d 713, 714).

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* It is true that Election Law § 6-132 (1) requires a candidate to list both the candidate's place of residence as well as their post office address where they are not identical (*see, Matter of Sheehan v Scaringe*, 154 AD2d 832, *lv denied* 74 NY2d 615). This defect in the designating petition was not, however, raised by petitioner as an objection; thus, that issue is not before this Court.