(August 20, 1998)

■ In the Matter of JAMES LOZANO, Appellant, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of the County of Albany, et al., Respondents. (And Three Other Related Proceedings.) [677 NYS2d 404] —Per Curiam. Appeals from two orders of the Supreme Court (Hughes, J.), entered August 12, 1998 in Albany County, which dismissed petitioners' applications, in four proceedings pursuant to Election Law § 16-102, for orders invalidating the designating petitions naming respondents Kenneth Champagne, James Corbett, Lawrence Rosenbaum, Thomas Hoey, David T. Pillittere, Theresa C. Pillittere, Wanda Chenot and Robert Chenot as the Independence Party candidates for the party position of Delegate to the Third Judicial District Convention in the September 15, 1998 primary election.

Petitioners in these four proceedings, which were consolidated by order of the Supreme Court, filed general objections and specifications to the designating petitions of the aforementioned eight Independence Party candidates on the ground that the party position sought by each was not sufficiently specified

in their respective designating petitions. Specifically, petitioners take issue with the following description of the position of Delegate as set forth in each of the four designating petitions: "Delegate 3rd Judicial District 102 A.D.", "Delegate 3rd Judicial District 104 A.D.", "Delegate 3rd Judicial District 106 A.D." and "Delegate 3rd Judicial District 107 A.D.". Petitioners argue that this description of the office would be overly confusing to the average voter due to the failure to include the word "convention" so that the description would read, for example, "Delegate to the 3rd Judicial District Convention from the 102nd Assembly District". In each instance, the applicable boards of elections* rejected petitioners' objections and accepted the designating petitions. Petitioners then commenced the instant proceedings in Supreme Court contending that the petitions are fatally defective and seeking orders invalidating them. Supreme Court dismissed petitioners' applications and these appeals ensued.

This Court has recently held that the name of the office set forth in a candidate's designating petition may be described in a variety of ways provided that the description thereof is specific enough " 'to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Dipple v Devine*, 218 AD2d 918, 918-919, quoting *Matter of Donnelly v McNab*, 83 AD2d 896, *lv denied* 54 NY2d 603; *see, Matter of Wasserman v Adler*, 230 AD2d 876). We find the descriptions of the positions at issue here to be sufficiently specific without the addition of the word "convention", given that the only Independence Party positions to be filled at the upcoming primary election are those of Delegates to the Third Judicial District Convention and members of the State and County Independence Party Committees.

A second issue raised was whether the designating petition for the candidates from the 106th Assembly District (respondents Wanda Chenot and Robert Chenot) should have been invalidated because it was improperly filed at the office of respondent Rensselaer County Board of Elections and was then forwarded to the State Board of Elections where it was correctly and timely filed. We find no authority for the contention that a county board of elections which has received a petition that should have been filed at another board of elections may

---

* The designating petitions involving the 104th and 107th Assembly Districts were filed with the Albany County Board of Elections while those petitions involving the 102nd and 106th Assembly Districts (which are not geographically bound within a single county) were filed with respondent State Board of Elections (*see*, Election Law § 6-144).

not, sua sponte, file said petition with the appropriate board. Since the petition in question was timely filed under Election Law § 1-106 and was, in all other respects, in acceptable form, there is no ground upon which to base its invalidation.

Mercure, J. P., White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.

