■ In the Matter of MARK A. DUNLEA et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS, Respondent. [713 NYS2d 89] —Per Curiam. Appeal from an order of the Supreme Court (McNamara, J.), entered August 14, 2000 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner Mark A. Dunlea as the Independence Party candidate for the office of Member of Assembly from the 108th Assembly District in the September 12, 2000 primary election.

In July 2000, a designating petition was timely filed with respondent in which petitioner Mark A. Dunlea (hereinafter petitioner) was named as the Independence Party candidate in the September 12, 2000 primary election. The office sought by petitioner was described on the designating petition as "State of New York 108th Assembly District." Respondent thereafter rejected the petition on the ground that it did not reflect the office petitioner intended to seek. Petitioners then commenced this proceeding pursuant to Election Law § 16-102 to validate the petition. Concluding that, although the petition correctly

identified the geographic territory of the office sought by petitioner, it failed to identify the office itself, Supreme Court dismissed petitioners' application to validate the designating petition. Petitioners appeal.

We affirm. Election Law § 6-132 (1) requires that each sheet of the designating petition state the public office or party position sought by the candidate. Recognizing that the name of the office which a candidate is seeking to occupy may be described in various ways, this Court has concluded that a designating petition's description of the office will be upheld if it is " 'sufficiently informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Dipple v Devine*, 218 AD2d 918, 918-919, *lv denied* 86 NY2d 704, quoting *Matter of Donnelly v McNab*, 83 AD2d 896, *lv denied* 54 NY2d 603; *see, Matter of Lozano v Scaringe*, 253 AD2d 569, 570, *lv denied* 92 NY2d 806; *Matter of Parker v Savago*, 143 AD2d 439, 441). Notably, the requirement that a nominating petition set forth the public office or party position being sought is a substantive one and no deviation from the statutorily prescribed content is permitted (*see, Matter of Parker v Savago, supra*, at 441). Contrary to petitioners' assertion, the long-standing requirement of strict compliance with the mandates of Election Law § 6-132 (1) (*see, ibid.*) is unaffected by the provisions of the Election Reform Act of 1992 (L 1992, ch 79; *see, Matter of Pierce v Breen*, 86 NY2d 455; *Matter of MacKay v Cochran*, 264 AD2d 699; *Heath v Town of Islip*, 169 Misc 2d 382, *affd on opn below* 239 AD2d 501).

In determining whether the "sufficiently informative" test has been satisfied, courts have drawn an important distinction between the two integral components of the description of the political office or party position sought, i.e., the *title* of the office or position and the *geographic territory* covered by it (*see, Matter of Parker v Savago, supra*, at 442; *Matter of Liepshutz v Palmateer*, 112 AD2d 1101, 1102, *affd* 65 NY2d 965). The absence of the geographic territory component will not require invalidation of the petition so long as other information contained in the balance of the petition, such as the address of the candidate, precludes any reasonable probability of confusion (*see, Matter of Wasserman v Adler*, 230 AD2d 876; *Matter of Ciccotti v Havel*, 186 AD2d 979, *lv denied* 80 NY2d 754; *Matter of Liepshutz v Palmateer, supra*; *Matter of Donnelly v McNab, supra*). On the other hand, in cases where the geographic territory is set forth but the title of the office or position has been omitted, "petitions have been invalidated where more than one title of public office or party position are elected

from the particular geographic territory involved" (*Matter of Liepshutz v Palmateer, supra,* at 1102; *see, Matter of Parker v Savago, supra,* at 441-442; *Matter of Jacobson v Schermerhorn,* 104 AD2d 534; *Matter of Denn v Mahoney,* 64 AD2d 1007).

Notwithstanding petitioners' creative contention that the label "State of New York" defines the office sought as Member of Assembly, as opposed to the party positions of delegate to the judicial convention or member of the State Committee from the same Assembly district (*see, Matter of Denn v Mahoney, supra; compare, Matter of Wasserman v Adler, supra* ["Member of Assembly, 92nd District" held to constitute sufficient description of public office sought]), we cannot view the overall description "State of New York 108th Assembly District" as anything other than a geographic territory. Upon our review of the entire record in this case, which we note indicates that more than one public office or party position is being elected from the 108th Assembly District this year, we are constrained to the conclusion that petitioner's nominating petition was properly found to be invalid by Supreme Court.

Petitioners' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Mercure, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.