■ In the Matter of LILLIAN COLUCCIO, Appellant, v SANDRA M. Fox et al., Respondents. [729 NYS2d 223] —Per Curiam. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 14, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to invalidate the designating petition naming respondent Sandra M. Fox as the Democratic Party candidate for the office of Member of the City of Albany Common Council from the 15th Ward in the September 11, 2001 primary election.

The sole issue raised by petitioner is whether the designating petition of respondent Sandra M. Fox for the office of Member of the City of Albany Common Council from the 15th Ward should be invalidated because, throughout the petition, the geographic area is described as the "15th District," rather than the "15th Ward." Supreme Court held that this error was not sufficiently confusing or misleading to warrant the invalidation of Fox's designating petition, and we affirm.

Election Law § 6-132 (1) requires that each sheet of a designating petition state the office or position sought by the candidate. The description will be deemed adequate so long as it is "sufficiently informative under section 6-132 * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" (*Matter of Donnelly v McNab*, 83 AD2d 896, *lv denied* 54 NY2d 603; *see, Matter of Dipple v Devine*, 218 AD2d 918, *lv denied* 86 NY2d 704; *Matter of Ciccotti v Havel*, 186 AD2d 979, *lv denied* 80 NY2d 754). A determination of whether a description is "sufficiently informative" turns on the inclusion of two integral components—the title of the elective office and the geographic boundaries of the area represented by the office (*see, Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589, 590; *Matter of Liepshutz v Palmateer*, 112 AD2d 1101, 1102, *affd* 65 NY2d 965). While a correct identification of the title of the office has been held to be of critical importance, the failure to satisfy the geographic component will not necessarily require invalidation of the designating petition if there is other information contained therein, e.g., the address of the candidate, that would dispel "any reasonable probability of confusion" (*Matter of Dunlea v New York State Bd. of Elections, supra*, at 590).

Here, Fox's designating petition correctly identifies the office sought as "Member of Common Council, City of Albany." We are unpersuaded by petitioner's contention that references to the "15th District" would cause confusion with the "15th Legislative District" in the County of Albany. The 15th Ward

in the City of Albany forms no part of the 15th Legislative District.* Moreover, Fox's address appears at the top of each page of the petition and the office which she seeks is the sole election currently taking place out of the 15th Ward. Under such circumstances, the misdescription of the geographical area is not likely to cause confusion among the petition signers, the voters or the Albany County Board of Elections (*see, Matter of Donnelly v McNab, supra*).

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Our decision in *Matter of Bouldin v Scaringe* (133 AD2d 287, *lv denied* 70 NY2d 604) is distinguishable. There, a candidate for Albany County Legislator from the 3rd Legislative District improperly designated the geographical area as the 3rd Ward. Confusion could have resulted in that instance because all of the 3rd Ward in the City of Albany, as well as part of the 4th Ward, are located within the 3rd Legislative District.