■ In the Matter of JEFFREY BLISS, Respondent-Appellant, v RYAN NOBLES, Appellant-Respondent, et al., Respondents. [746 NYS2d 410] —Per Curiam.

In July 2002, a designating petition was filed with the State Board of Elections seeking to name respondent Ryan Nobles (hereinafter respondent) as a Republican Party candidate for the public office of Member of the New York State Assembly, 115th Assembly District, in this year's primary election. The office sought by respondent was described on the designating petition as "Assembly District 115." Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to declare the designating petition invalid because, inter alia, it did not identify the public office that respondent intended to seek. Supreme Court granted petitioner's application, concluding that while the geographic territory was adequately described, the public office was not. This appeal by respondent ensued.*

It is settled that the name of the public office or party posi-

---

* Although petitioner filed a notice of cross appeal, he was not an aggrieved party because the judgment appealed from granted all the relief requested.

tion sought must be clearly set forth on the designating petition (*see* Election Law § 6-132 [1]; *see also Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589, 590; *Matter of Parker v Savago*, 143 AD2d 439, 441). Describing the public office as "Assembly District 115" is not, in our view, " 'sufficiently informative * * * so as to preclude any reasonable probability of confus[ion] or * * * [deception to] the signers, voters or board of elections' " (*Matter of Dipple v Devine*, 218 AD2d 918, 918, *lv denied* 86 NY2d 704, quoting *Matter of Donnelly v McNab*, 83 AD2d 896, *lv denied* 54 NY2d 603), where, as here, more than one title of public office is elected from the designated geographic territory (*see Matter of Dunlea v New York State Bd. of Elections*, *supra* at 590-591; *Matter of Liepshutz v Palmateer*, 112 AD2d 1101, 1102, *affd on other grounds* 65 NY2d 965; *Matter of Jacobson v Schermerhorn*, 104 AD2d 534, 535; *Matter of Denn v Mahoney*, 64 AD2d 1007, 1008). Unlike other cases where an omission of either the geographic territory or title of public office sought could be discerned by recourse to the designating petition as a whole, we do not find that the required information omitted here could be adequately gleaned (*compare Matter of Lozano v Scaringe*, 253 AD2d 569, 570, *lv denied* 92 NY2d 806; *Matter of Dipple v Devine*, *supra* at 918; *Matter of Liepshutz v Palmateer*, *supra* at 1102; *Matter of Korman v Strohm*, 145 Misc 2d 34, 36, *affd* 153 AD2d 539, *lv denied* 74 NY2d 609; *Matter of Dotson v New York City Bd. of Elections*, 2001 NY Slip Op 40324 [U]; *with Matter of Dunlea v New York State Bd. of Elections*, *supra* at 590-591; *Matter of Parker v Savago*, *supra* at 442; *Matter of Jacobson v Schermerhorn*, *supra* at 535). For these reasons, the designating petition was properly invalidated.

Cardona, P.J., Mercure, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.