■ In the Matter of GARY HAYES et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and JAMES P. POWERS, Appellant. [819 NYS2d 629]—

Per Curiam. Appeal from an order of the Supreme Court (McNamara, J.), entered August 3, 2006 in Albany County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent James P. Powers as the Republican

Party candidate for the public office of Member of the State Assembly for the 127th Assembly District in the September 12, 2006 primary election.

In July 2006, a designating petition was filed with respondent State Board of Elections purporting to name respondent James P. Powers (hereinafter respondent) as the Republican Party candidate for the public office of Member of the State Assembly for the 127th Assembly District in this year's primary election. The office sought by respondent was described on the designating petition as "127th Assembly District." Petitioners thereafter commenced this proceeding pursuant to Election Law § 16-102 seeking to declare the designating petition invalid because the description of the office sought failed to properly indicate the public office that respondent intended to seek. Supreme Court granted petitioners' application to invalidate the designating petition, concluding that although respondent adequately described the geographic territory from which he was a candidate, he failed to sufficiently identify the title of the public office or party position sought. This appeal by respondent ensued.

We affirm. Because both a Member of the Assembly and a delegate to the judicial convention are selected from the 127th Assembly District (see Election Law § 6-124), simply denoting the geographic territory without reference to the title of the public office or position sought is not " 'sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (Matter of Dipple v Devine, 218 AD2d 918, 918-919 [1995], lv denied 86 NY2d 704 [1995], quoting Matter of Donnelly v McNab, 83 AD2d 896 [1981], lv denied 54 NY2d 603 [1981]; see Matter of Bliss v Nobles, 297 AD2d 457, 458 [2002]; Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590 [2000]; Matter of Jacobson v Schermerhorn, 104 AD2d 534 [1984]; Matter of Denn v Mahoney, 64 AD2d 1007, 1008 [1978]). The fact that two judicial districts are contained in the 127th Assembly District does not compel a contrary result inasmuch as the judicial convention delegates are nonetheless selected based upon such Assembly district (see Election Law § 6-124). Inasmuch as the title of the office being sought cannot be discerned by recourse to information contained in the designating petition (see Matter of Bliss v Nobles, supra at 458; Matter of Denn v Mahoney, supra at 1008), respondent's designating petition was properly invalidated by Supreme Court.

Cardona, P.J., Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.