Per Curiam.
Appeal from an order of the Supreme Court (O’Connor, J.), entered August 10, 2010 in Albany County, which granted petitioners’ application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Brian S. McGrath as the Independence Party candidate for the public office of Member of the State Assembly for the 122nd Assembly District in the September 14, 2010 primary election.
Respondent Brian S. McGrath is seeking to be named the Independence Party candidate for the public office of Member of the State Assembly for the 122nd Assembly District in the September 14, 2010 primary election. In July 2010, he circulated a designating petition to this effect and therein described the public office as “New York State Assembly—122nd District.” Objections to the designating petition were filed, but the State Board of Elections did not invalidate it. Consequently, petitioners commenced this proceeding pursuant to Election Law § 16-102 to invalidate the designating petition, alleging, among other things, that the description of the public office for which designation was sought is inadequate and inaccurate.
The original verified petition contained an incorrect address for McGrath. After petitioners served an amended verified petition correcting this defect, McGrath moved to dismiss the proceeding for failure to state a cause of action due to the incorrect address contained in the verified petition and because the amended verified petition was purportedly not served in a timely manner. Petitioners opposed the motion and cross-moved for leave to serve the amended verified petition nunc pro tunc. Supreme Court denied the cross motions and, on the merits, concluded that the description of the public office contained in the designating petition was insufficient. The court invalidated it on that basis, without addressing the other grounds raised by petitioners. McGrath now appeals.
As an initial matter, McGrath argues that the proceeding *774 should be dismissed because he was substantially prejudiced by petitioners’ inclusion of an incorrect residence address in the verified petition. On the record before us, that specific argument appears to be unpreserved for our review. In any event, McGrath has not demonstrated substantial prejudice.
Turning to the merits, “Election Law § 6-132 (1) requires that each sheet of the designating petition state the public office or party position sought by the candidate” (Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590 [2000]). In this case, McGrath’s designating petition describes the public office as “New York State Assembly—122nd District.” Petitioners argue that this description is incomplete inasmuch as it does not specify that the office sought is “Member of Assembly.” They further contend that this insufficiency requires invalidation of the designating petition.
We do not agree. While the suggested terminology may be more precise, we note that a lack of technical precision is not determinative where the description is “sufficiently informative under [Election Law § ] 6-132 . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections” (Matter of Donnelly v McNab, 83 AD2d 896 [1981], lv denied 54 NY2d 603 [1981]; see Matter of Levine v Turco, 43 AD3d 618, 621 [2007], lv denied 9 NY3d 804 [2007]; Matter of Dipple v Devine, 218 AD2d 918, 918 [1995], lv denied 86 NY2d 704 [1995]). In our view, the description “New York State Assembly,” which appears directly below the heading “Public Office” on each sheet of the designating petition, sufficiently informs the signers and any other interested parties that McGrath is seeking election as a member of that body. Under the circumstances presented, there is no reasonable probability that the absence of the. specific language suggested by petitioners will cause confusion.
We note that the cases relied upon by Supreme Court are factually distinguishable in that the descriptive wording at issue in those cases appeared to identify only geographic territories, rather than the particular public offices sought therein (see Matter of Hayes v New York State Bd. of Elections, 32 AD3d 660, 661 [2006] [describing office as “127th Assembly District”]; Matter of Bliss v Nobles, 297 AD2d 457, 458 [2002] [describing office as “Assembly District 115”]; Matter of Dunlea v New York State Bd. of Elections, 275 AD2d at 589 [describing office as “State of New York 108th Assembly District”]; see also Matter of Denn v Mahoney, 64 AD2d 1007, 1008 [1978] [describing office as “147 Assembly District”]).
The parties’ remaining contentions, including petitioners’ *775 argument that the designating petition should be invalidated on the basis of fraud, have been examined and found to be unpersuasive.
Cardona, P.J., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the verified petition and invalidated the designating petition naming respondent Brian S. McGrath as the Independence Party candidate for the public office of Member of the State Assembly for the 122nd Assembly District in the September 14, 2010 primary election; verified petition dismissed and it is declared that said designating petition is valid; and, as so modified, affirmed.