Per Curiam.
Appeal from an order of the Supreme Court (Connolly, J.), entered August 4, 2010 in Albany County, which granted petitioners’ application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent David J. Kimmel as the Republican Party candidate for the public office of Member of the State Assembly for the 114th Assembly District in the September 14, 2010 primary election.
In July 2010, respondent David J. Kimmel filed a designating petition with respondent State Board of Elections seeking to be named the Republican Party candidate for the office of Member of the State Assembly for the 114th Assembly District in the September 14, 2010 primary election. The designating petition described the office as “114th New York State Assembly District.” Objections to the designating petition were filed and, when it was not invalidated by the Board, petitioners commenced this proceeding pursuant to Election Law § 16-102. Supreme Court subsequently invalidated the designating petition and this appeal ensued.
We affirm. “Election Law § 6-132 (1) requires that each sheet of the designating petition state the public office or party position sought by the candidate” (Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590 [2000]; see Matter of Hicks v Walsh, 76 AD3d 773, 774 [2010]). The purported description of the public office on Kim *1114 mel’s designating petition—“114th New York State Assembly District”—denotes not a public office, but a geographic territory (see e.g. Matter of Hayes v New York State Bd. of Elections, 32 AD3d 660 [2006]; Matter of Bliss v Nobles, 297 AD2d 457 [2002]; Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589 [2000], supra; compare Matter of Hicks v Walsh, 76 AD3d 773, 774 [2010], supra; Matter of Odett v Walsh, 76 AD3d 771 [2010]). Where, as here, more than one public office or party position is elected from a particular geographic territory, this Court has held that a geographic description alone “is not sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections” (Matter of Hayes v New York State Bd. of Elections, 32 AD3d at 661 [internal quotation marks and citations omitted]; see Matter of Bliss v Nobles, 297 AD2d at 458; Matter of Dunlea v New York State Bd. of Elections, 275 AD2d at 590-591). Accordingly, the designating petition was properly declared invalid.
The parties’ remaining contentions have been reviewed and found to be unpersuasive.
Cardona, P.J., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.