■ In the Matter of MYRA NOTHOLT et al., Appellants, v NASSAU COUNTY BOARD OF ELECTIONS et al., Respondents. [16 NYS3d 68]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating the petitioners as candidates in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party for the party positions of Members of the Nassau County Democratic Committee from certain Election Districts within the 20th Assembly District, the petitioners appeal from a final order of the Supreme Court, Nassau County (Diamond, J.), entered August 6, 2015, which denied the petition and dismissed the proceeding.

Ordered that the final order is modified, on the law, by deleting the provision thereof denying so much of the petition as sought to validate petitions designating certain petitioners as candidates in the primary election to be held on September 10,

2015, for the nomination of the Democratic Party for the party positions of Members of the Nassau County Democratic Committee from Election Districts 29, 30, 31, 39, 40, 41, 43, 45, 47, 48, 49, 52, 58, 60, 72, 74, 77, 81, 86, and 87 within the 20th Assembly District; as so modified, the final order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the petition to validate.

The petitioners filed designating petitions with the Nassau County Board of Elections (hereinafter the Board) seeking to be named as candidates in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party for the party positions of Members of the Nassau County Democratic Committee from certain Election Districts within the 20th Assembly District. The designating petitions identified the party position sought by reference to Assembly District 20 and a numbered Election District, but failed to set forth any town or city associated with that numbered Election District. Objections to the designating petitions were filed with the Board, which determined that the designating petitions were invalid because they failed to set forth sufficient information to identify the party positions being sought. The petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petitions. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

Initially, contrary to the conclusion reached by the Supreme Court, the petition to validate was properly verified solely by the petitioner William Notholt, since, in this case, he was "united in interest" with the other petitioners (CPLR 3020 [d]; see Matter of Lansner v Board of Elections of City of N.Y., 72 NY2d 929 [1988]).

Election Law § 6-132 (1) requires that each sheet of a designating petition "state the public office or party position sought by the candidate" (Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590 [2000]; see Matter of Sears v Kimmel, 76 AD3d 1113 [2010]; Matter of Bliss v Nobles, 297 AD2d 457 [2002]). "The description of a public office contains two components—the title of the office and the geographic boundaries of the area represented by the office" (Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d 899, 900 [2009]; see Matter of Coluccio v Fox, 286 AD2d 552 [2001]; Matter of Dunlea v New York State Bd. of Elections, 275 AD2d at 590). "The description will be deemed adequate so long as the petition, read as a whole, is 'sufficiently informative . . . so as

to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Ighile v Board of Elections in City of N.Y.*, 66 AD3d at 900, quoting *Matter of Donnelly v McNab*, 83 AD2d 896, 896 [1981]; *see Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d at 590). However, "where 'the title of the office being sought cannot be discerned by recourse to information contained in the designating petition,' it will be invalidated" (*Matter of Levine v Turco*, 43 AD3d 618, 621 [2007] [citation omitted], quoting *Matter of Hayes v New York State Bd. of Elections*, 32 AD3d 660, 661 [2006]).

Here, the geographical boundaries of the 20th Assembly District include Election Districts within both the Town of Hempstead and the City of Long Beach. The numbering of those Election Districts is duplicated such that the 20th Assembly District contains Election Districts numbered 1 through 24 that are situated in the Town of Hempstead and another set of Election Districts also numbered 1 through 24 that are situated in the City of Long Beach. With regard to those instances where there are two Election Districts with the same number within the same Assembly District, the Supreme Court properly found that the failure to specify the Town or City for the office being sought rendered the description of the public office inadequate. Indeed, as far as these designating petitions are concerned, even when each is read as a whole, they are not sufficiently informative so as to preclude " 'any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Ighile v Board of Elections in City of N.Y.*, 66 AD3d at 900, quoting *Matter of Donnelly v McNab*, 83 AD2d 896 [1981]; *see Matter of Sears v Kimmel*, 76 AD3d 1113 [2010]; *Matter of Bliss v Nobles*, 297 AD2d 457 [2002]). Accordingly, the Supreme Court properly declined to validate those designating petitions related to Election Districts 1 through 24 within the 20th Assembly District.

However, the fact that the 20th Assembly District contains Election Districts numbered 1 though 24 in both the Town of Hempstead and the City of Long Beach should not have been the basis to invalidate those designating petitions related to other Election Districts within the 20th Assembly District. Where there was no duplication of Election District enumeration within the Assembly District, the failure to include the name of the Town or City should not have been fatal. While inclusion of this information would have made the description more precise, the information provided on those designating petitions was, under the circumstances presented here, suf-

ficiently informative so as to preclude any reasonable probability of confusing or deceiving the signers, voters, or Board of Elections (*see Matter of Barber v Varney*, 301 NY 669 [1950]; *Matter of Cerreto v Sunderland*, 307 AD2d 1004 [2003]; *Matter of Donnelly v McNab*, 83 AD2d 896 [1981]).

The petitioners' remaining contentions are without merit.

Therefore, the Supreme Court erred in denying so much of the petition as sought to validate the designating petitions related to Election Districts 29, 30, 31, 39, 40, 41, 43, 45, 47, 48, 49, 52, 58, 60, 72, 74, 77, 81, 86, and 87 within the 20th Assembly District on the ground that the description of the party position sought was insufficient. Leventhal, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.