■ In the Matter of MARY J. PLUNKETT et al., Petitioners-Respondents, v TERRENCE R. FLYNN, SR., Appellant, et al., Respondent. [632 NYS2d 645] —In a proceeding to invalidate a certificate nominating Terrence R. Flynn, Sr., a candidate of the Independence Party for the public office of Judge of the Civil Court of the City of New York, Fifth Municipal Court District, Queens County, in the general election to be held on November 7, 1995, the appeal is from a judgment of the Supreme Court, Queens County (Garry, J.), dated October 11, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and the Board of Elections of the City of New York is directed to restore the name of Terrence R. Flynn, Sr., to the appropriate ballot.

The trial court erred in finding that the certificate of nomination, which nominated the candidate for the office of "Judge of

the Civil Court of the City of New York, Assigned Vacancy Number 8, Queens County", did not accurately describe the title of the public office being sought (see, Election Law § 6-128). There was no impairment of the ability of the Board of Elections to ascertain the correct vacancy in office to which the certificate of nomination pertained (see, Matter of Donnelly v Mc-Nab, 83 AD2d 896). Copertino, Goldstein and Florio, JJ., concur.

Thompson, J. P., dissents and votes to affirm the judgment appealed from, with the following memorandum: The office in question was that of Judge of the Civil Court, Fifth Municipal Court District, Queens County. However, the certificate of nomination described the office as "Judge of the Civil Court of the City of New York, Assigned Vacancy Number 8, Queens County". Under these circumstances, the trial court's holding that the certificate of nomination failed to properly describe the title of the office sought was correct (cf., Matter of Korman v Strohm, 145 Misc 2d 34, 36, affd 153 AD2d 539).