■ In the Matter of JOSEPH J. PACKER et al., Appellants, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and ALFRED GORDON et al., Intervenors-Respondents. [615 NYS2d 931] —In a proceeding to validate a petition designating Joseph J. Packer and Sheryl D. Robertson as candidates in a primary election to be held on September 13, 1994, for the Democratic Party party positions of Assembly District Leader from the 46th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 16, 1994, which denied the petitioners' application.

Ordered that the judgment is affirmed, without costs or disbursements.

In their designating petition, the appellants purportedly

were running for the Democratic Party party positions of Male and Female Assembly District Leaders from the 46th Assembly District, Kings County. However, no such positions appear in the Kings County Democratic Party "party call." After the appellants filed their designating petition, the Board of Elections notified them that their names would not appear on the primary election ballot because the party positions in their designating petition do not exist. The appellants then commenced the present proceeding to validate their designating petition. After a hearing, the Supreme Court denied the appellants' application on the ground that a reasonable probability of confusion exists regarding the party positions that they seek because the petition lists the titles of positions which do not exist.

Candidates must strictly comply with the mandates of Election Law § 6-132 (1) requiring that each sheet of the designating petition contain the name of the public office or party position that is sought *(see, Matter of Smith v Mahoney,* 60 NY2d 596; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, *affd on other grounds* 65 NY2d 965). However, since many public offices and party positions are susceptible to a variety of descriptions, the description in the petition need only be "sufficiently informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" *(Matter of Donnelly v McNab,* 83 AD2d 896; *see also, Matter of Plunkett v Mahoney,* 176 AD2d 1191; *Matter of Liepshutz v Palmateer, supra).*

In the present case, since the position of Assembly District Leader does not exist in Kings County, the designating petition fails to set forth the name of the public office or party position that is sought as required by Election Law § 6-132 (1). Moreover, although Election Law § 2-110 (2) provides that when, as here, the county committee provides by its rules that the Members of the State Committee possess the duties, powers, and functions of an Assembly District Leader (Rules of Kings County Democratic County Committee, art V, § 11), the use of the title Assembly District Leader in the appellants' designating petition was not sufficiently informative to preclude confusion. Contrary to the appellants' contention, the use of the title Assembly District Leader for the position of State Committee Member was more than a minor misnomer *(cf., Matter of Margolis v Larkin,* 39 AD2d 952, *affd* 30 NY2d 876).

We note that the Supreme Court properly granted the applications to intervene and that those applications were

timely *(cf., Gdanski v Rockland County Bd. of Elections,* 97 AD2d 744). Bracken, J. P., O'Brien, Joy, Friedmann and Florio, JJ., concur.