■ In the Matter of RODNEY E. BONNETT et al., Respondents, v JEROME MINER et al., Appellants, and BOARD OF ELECTIONS OF CLINTON COUNTY et al., Respondents. [713 NYS2d 87] —Per Curiam. Appeal from an order of the Supreme Court (Caruso, J.), entered August 16, 2000 in Schenectady County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petitions naming petitioners as the Republican Party candidates for various party positions in the Town of Schuyler Falls and Clinton County in the September 12, 2000 primary election.

On July 13, 2000, five designating petitions were filed with respondent Clinton County Board of Elections (hereinafter the Board) naming 33 individuals as Republican Party candidates

for either the party position of County Committee Person or Town Committee Person from their respective election districts within the Town of Schuyler Falls in the September 12, 2000 primary election. Respondent objectors (hereinafter collectively referred to as respondents), five individual Republican Party members, separately filed general and specific objections challenging the respective designating petitions on the ground, *inter alia*, that the individual pages of the petitions were not numbered. By determinations issued on July 27, 2000, the Board sustained the objections pertaining to the pagination requirement and rejected the five designating petitions. On July 31, 2000, photocopies of the petitions with consecutively numbered pages were filed with the Board.

Thereafter, petitioners, five of the 33 individuals named as candidates in the designating petitions, commenced this proceeding seeking to compel the Board to accept the corrected designating petitions—with respect to all 33 candidates named therein—as timely filed within the three-day cure provision of Election Law § 6-134 (2). During oral argument, Supreme Court denied respondents' motion to dismiss the proceeding due to petitioners' failure to join the remaining 28 candidates as necessary parties. Relying on the Fourth Department's holding in *Matter of May v Daly* (254 AD2d 688, *lv denied* 92 NY2d 806), Supreme Court granted petitioners' application to validate the designating petitions under the three-day cure provision and directed the Board to place each of the 33 candidates named in the designating petitions on the Republican Party ballot in the September primary election. Respondents appeal.

Upon review, we conclude that Supreme Court correctly determined that the three-day cure provision of Election Law § 6-134 (2) applies. That statute provides, as relevant, that "sheets of any volume of a [designating] petition shall be numbered" and that "[w]hen a determination is made that a designating petition does not comply with * * * regulations [enacted by the State Board of Elections], the candidate shall have three business days *.* * to cure the violation" (Election Law § 6-134 [2]). In that regard, 9 NYCRR 6215.1 (a)—a regulation promulgated by the State Board of Elections pursuant to Election Law § 6-134 (2)—requires, *inter alia*, that sheets of a designating petition be "numbered sequentially." Consequently, petitioners' omission of any page numbers on their original designating petitions constituted a violation of 9 NYCRR 6215.1 (a). Thus, Supreme Court properly construed and applied the three-day cure provision (*see, Matter of May v*

*Daly*, 254 AD2d 688, *supra*). We likewise conclude that the Legislature's continuation of the statutory pagination requirement in Election Law § 6-134 (2) after the addition of the three-day cure provision—as part of the Ballot Access Law of 1996 (L 1996, ch 709)—did not render the complete failure to paginate a designating petition to be solely a noncurable statutory, rather than a curable regulatory, violation (*see, Matter of May v Daly, supra; Matter of Farrell v Sunderland*, 173 Misc 2d 787).

However, we find merit in respondents' contention that Supreme Court erred in directing that the names of the 28 candidates who were not parties to this proceeding be placed on the ballot. Unlike the five named petitioners, these 28 candidates did not challenge the Board's determination invalidating the designating petitions (*see generally*, Siegel, NY Prac § 137, at 225-226 [3d ed]). Petitioners' assertion that they instituted this proceeding on behalf of or as representatives of all 33 candidates nominated in the five designating petitions is not supported by the record (*see, Matter of Lansner v Board of Elections*, 72 NY2d 929; *cf., Matter of Livreri v Gargiulo*, 49 NY2d 832; *Matter of Vaccaro v Lawley*, 20 NY2d 653, *affg* 28 AD2d 809).

Cardona, P. J., Mercure, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as validated the designating petitions as to the 28 candidates who were not parties to this proceeding; petition dismissed insofar as it requested such relief; and, as so modified, affirmed.