■ In the Matter of Osaretin Ighile, Appellant, v Board of Elections in the City of New York, Respondent. [887 NYS2d 637]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Osaretin Ighile as a candidate in a general election to be held on November 3, 2009, for the public office of Member of the New York City Council, 35th Council District, the petitioner appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated September 23, 2009, which, in effect, denied the petition, inter alia, to validate and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Election Law § 6-140 requires an independent nominating petition to state the public office for which the candidate is seeking nomination (*see* Election Law § 6-140). The description of a public office contains two components—the title of the office and the geographic boundaries of the area represented by the office (*see Matter of Coluccio v Fox,* 286 AD2d 552 [2001]; *Matter of Dunlea v New York State Bd. of Elections,* 275 AD2d 589, 590 [2000]; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, 1102 [1985], *affd* 65 NY2d 965 [1985]). The description will be deemed adequate so long as the petition, read as a whole, is "sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" (*Matter of Donnelly v McNab,* 83 AD2d 896 [1981]; *see Matter of Cerreto v Sunderland,* 307 AD2d 1004, 1005 [2003]; *Matter of Amelio v D'Apice,* 153 AD2d 713 [1989]).

Here, the petitioner's independent nominating petition described the public office sought as "Public Office City Council," but failed to specify the Council District to which the petitioner was seeking nomination. The petitioner contends that because he listed his address, which is in the 35th Council District, in the petition, there was no reasonable probability of confusing or deceiving the signatories thereto. However, under Public Officers Law § 3 (1), a candidate is required to live in the particular Council District at the time of election, not at the time of petitioning (*see* Public Officers Law § 3 [1]). Therefore, on a date before the election, the signatories could never rely on the address in the petition to establish the Council District to which the petitioner was seeking nomination. In any event, even if that provision did not exist, under the particular facts of this case, the presence in the petition of the petitioner's address did not preclude any reasonable probability of confusing or deceiving the signers, voters, or Board of Elections in the City of New York. There are 16 Council Districts in Kings County, and reference to the petitioner's address would not notify the signatories as to the specific Council District to which the petitioner was seeking nomination (*cf. Matter of Amelio v D'Apice,* 153 AD2d at 713; *Matter of Donnelly v McNab,* 83 AD2d 896 [1981]). Accordingly, the Supreme Court properly declined to validate the petition (*see Matter of Packer v Board of Elections of City of N.Y.,* 207 AD2d 513 [1994]).

The petitioner's remaining contention is not properly before this Court. Dillon, J.P., Dickerson, Austin and Roman, JJ., concur.