In the Matter of BARBARA A. ZULAUF et al., Respondents, v NEIL R. MARTIN et al., Appellants, et al., Respondents. [15 NYS3d 420]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Neil R. Martin, Sean

C. Johnston, Beth L. Gibson, Meghan Sweeney, and Marc A. Coviello as candidates in a primary election to be held on September 10, 2015, for the nomination of the Conservative Party as its candidates for the public offices of Supervisor of the Town of Beekman, Member of the Town Council of the Town of Beekman, Member of the Town Council of the Town of Beekman, Town Clerk of the Town of Beekman, and Member of the Dutchess County Legislature, 22nd Legislative District, respectively, to invalidate a petition designating Meghan Sweeney as a candidate in the primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Town Clerk of the Town of Beekman, and to invalidate a petition designating Marc A. Coviello as a candidate in the primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidate for the public office of Member of the Dutchess County Legislature, 22nd Legislative District, Neil R. Martin, Sean C. Johnston, Beth L. Gibson, Meghan Sweeney, and Marc A. Coviello appeal from a final order of the Supreme Court, Dutchess County (Pagones, J.), dated August 6, 2015, which granted the petition and invalidated the respective designating petitions.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Dutchess County Board of Elections is directed to place the names of Neil R. Martin, Sean C. Johnston, Beth L. Gibson, Meghan Sweeney, and Marc A. Coviello on the appropriate ballots.

On July 8, 2015, the appellants, Neil R. Martin, Sean C. Johnston, Beth L. Gibson, Meghan Sweeney, and Marc A. Coviello, filed petitions designating them as candidates in a primary election to be held on September 10, 2015, for the nomination of the Conservative Party as its candidates for the public offices of Supervisor of the Town of Beekman, Member of the Town Council of the Town of Beekman, Member of the Town Council of the Town of Beekman, Town Clerk of the Town of Beekman, and Member of the Dutchess County Legislature, 22nd Legislative District, respectively, designating Meghan Sweeney as a candidate in the primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Town Clerk of the Town of Beekman, and designating Marc A. Coviello as a candidate in the primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidate for the public office of Member of the Dutchess

County Legislature, 22nd Legislative District. On July 9, 2015, the appellants apparently realized that they had failed to number the pages of their designating petitions as required by 9 NYCRR 6215.1 (a) and, on that date, filed "corrective supplements" to the petitions, which included a complete and exact photocopy of each of the original petitions with the addition of page numbers on each of those petitions. The petitioners then commenced this proceeding to invalidate the designating petitions, contending that the designating petitions were defective because the original petitions did not contain page numbers. The Supreme Court granted the petition and invalidated the designating petitions, determining that the omission of page numbers could not be corrected via an amended filing.

Election Law § 6-134 (2) provides, inter alia, that the sheets of a designating petition must be numbered (see 9 NYCRR 6215.1 [a]). However, that section also provides that the regulations promulgated thereunder for the submission of petitions "shall be no more restrictive than is reasonably necessary for the processing of such petitions by the board of elections" (Election Law § 6-134 [2]; see 9 NYCRR 6215.6 [a]; Matter of Pearse v New York City Bd. of Elections, 10 AD3d 461, 462 [2004]). Section 6-134 (2) further provides that, when a board of elections determines that a petition does not comply with the regulations, the candidate or candidates must be notified and afforded three business days in which to cure the defect (see 9 NYCRR 6215.7 [a]-[d]).

Here, the petitioners do not dispute the facts that the designating petitions were timely filed and that the appellants promptly attempted to cure the defect. Instead, the petitioners argue that the failure to paginate a petition is a fatal defect which cannot be cured pursuant to Election Law § 6-134 (2) and 9 NYCRR 6215.7 (d). We disagree.

The petitioners are correct that, where a candidate fails entirely to number the pages of a designating petition, that is a ground for invalidation (see Matter of Braxton v Mahoney, 63 NY2d 691 [1984]; Matter of Jaffe v Visconti, 242 AD2d 345 [1997]; Matter of Holster v Matthews, 185 AD2d 959, 960 [1992]). However, the addition of the three-day cure provision as part of the Ballot Access Law of 1996 (L 1996, ch 709) has enabled candidates to correct technical errors, including the omission of page numbers (see Matter of Pearse v New York City Bd. of Elections, 10 AD3d at 462; Matter of Bonnett v Miner, 275 AD2d 585, 586-587 [2000]; Matter of May v Daly, 254 AD2d 688, 689 [1998]; Matter of Collins v Kelly, 253 AD2d 571, 572 [1998]; see also Matter of Magelaner v Park, 32 AD3d

487, 488 [2006]). Here, the appellants cured the defect in their designating petition by filing complete and exact photocopies of the original petitions with the addition of page numbers within the three-day cure period, thus bringing them into substantial compliance with the pagination requirements of Election Law § 6-134 (2) and 9 NYCRR 6215.1 (a) (*see Matter of Collins v Kelly*, 253 AD2d at 572).

Contrary to the petitioners' contention, this Court's decision in *Matter of Jaffe v Visconti* (242 AD2d 345 [1997]) is not in conflict with our holding in the instant matter. In that case, the candidate, like the appellants herein, failed to number the pages of her designating petition as required by statute. However, in that case, there is no indication that the candidate attempted to, or in fact did, cure the defect within the three-day cure period (*see id.*; Election Law § 6-134 [2]; 9 NYCRR 6215.7 [d]). Thus, *Matter of Jaffe v Visconti* does not stand for the proposition that the failure to number the pages of a designating petition is a noncurable defect, but instead holds only that the failure to cure that defect within the statutory period is a ground for invalidation.

Accordingly, the Supreme Court should have denied the petition to invalidate the designating petitions.

In light of the foregoing, we need not reach the appellants' remaining contention. The petitioners' remaining contentions are without merit. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.