OPINION OF THE COURT
Charles D. Wood, J.
This proceeding was brought by order to show cause to validate petitions “designating the petitioners as candidates for the Party Position set forth therein,” in Mount Vernon, New York, in the primary election to be held on September 13, 2016. The respondent Westchester County Board of Elections invalidated the petitions, finding that the petitions failed to properly identify a public office that exists. Petitioners ask the court to deem valid their petitions for the party position of county committee member, Democratic Party, City of Mount Vernon, for the various districts reflected on the petitions. The parties appeared on the return date of the order to show cause, July 27, 2016, and agreed that no formal hearing was required, and that the court should decide the petition on the submissions.
The facts and the controversy here primarily arise from the preprinted portion of each petition page. Deviations were made from the form set forth in Election Law § 6-132 as follows: (1) the initial statement that the voter signs deleted the last phrase “or for election to a party position of such party” as found in the form; and (2) instead of using the heading “Public Office or party position,” the petitions stated (erroneously) “Public Office.”
Further, under the heading “Public Office,” the petitioners inserted “District Leader [with a typed number] City of Mt. Vernon, New York.” Petitioners argue that “the party position District Leader is also known as ‘Member of the Democratic County Committee’ and the terms are typically used interchangeably.” The Rules of the Democratic Party of Westchester, and Rules of the Democratic Party of the City of Mount Vernon, New York, refer to “county committee members” and “city committee members,” not “district leaders” (see respondent’s exhibits B, C).
Election Law § 6-132 (1) requires that each sheet of a designating petition “state the public office or party position *425 sought by the candidate” (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642 [2d Dept 2015], citing Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589 [3d Dept 2000]). The commonly used language is found in Election Law § 6-132 (1) and the form, as generated by the State Board of Elections pursuant to section 6-132 (4), reads as follows:
“I, the undersigned, do hereby state that I am a duly enrolled voter of the . . . PARTY, and entitled to vote in the next Primary Election of such party, to be held on September 13, 2016; that my place of residence is truly stated opposite my signature hereto, and I hereby designate the following named persons as candidates for nomination of such party for public office or for election to a party position of such party.” (Emphasis supplied.)
Here, the petitioners deviated from the form by deleting the reference to party position. The voter statement on the petitioners’ petitions is as follows:
“I, the undersigned, do hereby state that I am a duly enrolled voter of the DEMOCRATIC PARTY, and entitled to vote in the next Primary Election of such party, to be held on September 13, 2016; that my place of residence is truly stated opposite my signature hereto, and I hereby designate the following named persons as candidates for nomination of such party for public office.”
This deletion of text in the subject designating petitions by petitioners from the Election Law § 6-132 (1) and (4) form creates a distinction between a public office and a party position that the otherwise inclusive form language of the legislature does not.
The next deviation in the subject designating petitions is the headings, or grid of boxes used to designate the candidate, the office, and the candidate’s residence. Rather than stating the inclusive “Public Office or party position,” as suggested by the legislature in Election Law § 6-132 (1), and as provided by the State Board of Elections’ sample form, the petitioners deleted “or party position” and state only “Public Office.”
Both of these alterations to the form language would of course be acceptable if they accurately reflected that a public office was what was sought by the petitions in this case. However, these are the only two places on the designating petition where an enrolled party voter can actually see and verify *426 the statement they are making and the office or position for which their signature will be counted pursuant to Election Law § 6-136 (2). As virtually anyone who has ever signed a designating petition or gone door-to-dobr to collect signatures on a designating petition as a witness or notary can attest, most signatories barely glance at the voter statement. Fewer signatories read every word of it. In fact, many voters— particularly newer ones — are unfamiliar with the purpose of designating petitions. The process can be tiresome. It takes place in the heat of the summer. Yet, it is also one that necessarily involves the public in the political process, literally bringing the petitions to a voter’s door. Often, the subscribing witness will describe for the voter what the petition accomplishes, and perhaps recite the names of the offices and candidates on the petition. That face-to-face interaction allows voters to give feedback that may or may not get back to the candidate(s), or party leaders, which hopefully makes our democracy more responsive to its citizens. That face-to-face interaction is also what makes the printed text of such importance. If the text stated the correct thing, but the subscribing witness allegedly told the voter the wrong thing, any court would deem the signature valid, as it is up to the voter to read that which he or she signs.
The importance of proper identification of the office or party position becomes even more vital when a local or county party has various factions vying for power within it. A county committee member will potentially have the opportunity to cast votes at city or county party conventions for candidates for numerous public office positions, including mayor, council members, city judge, county legislator, county and family court judges, surrogate’s court judges, district attorney and county clerk. In local politics, it is often these intraparty battles that are the most divisive and bitterly fought. The court can envision a scenario where voters of either major party might freely sign a petition that allows a candidate from their own party to qualify to be on the ballot in a general election against the other party, rather than a petition that takes sides on an intra-party power struggle within their own party. It is for this very ■ reason that misidentification of a party position as a public office is a matter of significant potential confusion, and is ripe for abuse. If the difference is inconsequential, it begs the question of why the deletion was made.
Here, this confusion over “public office”/“party position” is exacerbated by the fact that the actual party position sought is *427 misstated. Even assuming that local party rank and file members informally call members of the county committee “district leaders,” as noted by the Second Department “District Leader” is actually used by the legislature in Election Law § 2-110 (2), and is a distinct, different party position (Matter of Packer v Board of Elections of City of N.Y., 207 AD2d 513 [2d Dept 1994]). Here, Democratic Party leaders termed the party position “member of the county committee” in their rules. If that position is truly interchangeable with “district leader,” then Democratic Party leaders can amend their own rules to reflect the same, if they so choose. It is a bedrock principle of our justice system that judges must be true to their proper role of interpreting the law, not legislating from the bench. This scenario requires even greater caution, as a political party’s rules create the party positions. Neither the Westchester County Board of Elections, nor the New York State Supreme Court should be required to determine whether a dolphin is the substantial equivalent of a fish.
The court is mindful that
“[w]hen dealing with the technical requirements of a designating, petition — the intention of the Legislature obviously being the avoidance of fraud, abuse or irregularities — an error so insignificant in proportion as to be totally inconsequential should not be the basis for the elimination of the right to vie for public office” (Matter of Staber v Fidler, 110 AD2d 38, 39 [2d Dept 1985], affd 65 NY2d 529 [1985]).
Here, those concerns are not implicated. The affirmative and purposeful actions taken by the petitioners to tailor their designating petitions were at best an ill-advised error that created a substantial risk of confusion, fraud, or political chicanery.
In light of the foregoing, the petitioners’ application is denied, and the petition is dismissed. The court sees no reason to disturb the ruling of the Westchester County Board of Elections as to each designating petition.
All matters not herein decided are denied.