■ In the Matter of JEFFREY BRAGMAN et al., Appellants, v GERARD LARSEN et al., Respondents, et al., Respondents. [60 NYS3d 388]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition (1) designating Gerard Larsen as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Independence Party as its candidate for a public office in the "Town Board, Town of East Hampton," and (2) designating Julie A. Evans as a candidate in the same primary election for the nomination of the Independence Party as its candidate for the public office of Town Trustee of the Town of East Hampton, the petitioners appeal from a final order of the Supreme Court, Suffolk County (Asher, J.), entered August 15, 2017, which, inter alia, denied the peti-

tion, inter alia, to invalidate the designating petition and dismissed the proceeding.

Ordered that the final order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to invalidate so much of the designating petition as designated Gerard Larsen as a candidate in the primary election to be held on September 12, 2017, for the nomination of the Independence Party as its candidate for a public office in the "Town Board, Town of East Hampton," and substituting therefor a provision granting that branch of the petition; as so modified, the final order is affirmed, without costs or disbursements.

On July 11, 2017, Gerard Larsen and Julie A. Evans (hereinafter together the candidates) filed a petition with the Suffolk County Board of Elections (hereinafter the Board) designating them as candidates in a primary election to be held on September 12, 2017, for the nomination of the Independence Party as its candidates for the public offices of "Town Board" and "Town Trustee," respectively, of the Town of East Hampton. The designating petition consisted of seven unnumbered and unbound pages. On July 14, 2017, the Board determined that the designating petition was invalid, stating that it "was not in compliance with the Election Law and/or the [Board's] Designating and Nominating Petition Guidelines and Requirements." On July 17, 2017, the candidates filed a copy of the designating petition with the pages numbered and stapled together. The petitioners then commenced this proceeding on July 24, 2017, inter alia, to invalidate the designating petition, contending, among other things, that the designating petition was defective because the original designating petition consisted of unnumbered, loose pages, and it was unclear as to the office for which Larsen sought candidacy. The candidates moved to dismiss the proceeding, arguing that they corrected the defects of the original designating petition, and that Larsen was clearly running for the office of councilman for the Town of East Hampton. The Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioners appeal.

The Supreme Court properly found that the candidates cured the defects in their original designating petition within the time allowed by the Election Law. The regulations promulgated pursuant to Election Law § 6-134 (2) provide, inter alia, that the sheets of a designating "petition shall be numbered sequentially at the foot of each sheet" (9 NYCRR 6215.1 [a]), and "[a]ny two or more petition sheets shall be securely fastened together by any means which will hold the pages

together in numerical order" (9 NYCRR 6215.1 [c]). However, Election Law § 6-134 (2) provides that the regulations promulgated thereunder for the submission of petitions "shall be no more restrictive than is reasonably necessary for the processing of such petitions by the board of elections" (*see* 9 NYCRR 6215.6 [a]; *Matter of Zulauf v Martin*, 131 AD3d 656, 658 [2015]; *Matter of Pearse v New York City Bd. of Elections*, 10 AD3d 461, 462 [2004]). Election Law § 6-134 (2) further provides that, when a board of elections determines that a designating petition does not comply with the regulations, the candidate or candidates must be notified and afforded three business days in which to cure the defect (*see* 9 NYCRR 6215.7 [a]-[d]). Here, by filing a complete and exact copy of the original designating petition with numbered and stapled pages within three days of the Board's determination that the designating petition was invalid, the candidates cured the defects of the original designating petition (*see Matter of Zulauf v Martin*, 131 AD3d at 659; *see also Matter of Bonnett v Miner*, 275 AD2d 585, 586-587 [2000]; *Matter of May v Daly*, 254 AD2d 688, 689 [1998]).

However, the Supreme Court erred in finding that the designating petition sufficiently described the office Larsen sought. "Election Law § 6-132 (1) requires that each sheet of a designating petition 'state the public office or party position sought by the candidate' " (*Matter of Notholt v Nassau County Bd. of Elections*, 131 AD3d 641, 642 [2015], quoting *Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589, 590 [2000]; *see Matter of Smith v Mahoney*, 60 NY2d 596, 597 [1983]; *Matter of Packer v Board of Elections of City of N.Y.*, 207 AD2d 513, 514 [1994]). Since many public offices and party positions are susceptible to a variety of descriptions, the "description will be deemed adequate so long as the petition, read as a whole, is 'sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Notholt v Nassau County Bd. of Elections*, 131 AD3d at 642-643, quoting *Matter of Ighile v Board of Elections in City of N.Y.*, 66 AD3d 899, 900 [2009]; *see Matter of Donnelly v McNab*, 83 AD2d 896 [1981]).

Here, the candidates' designating petition described the public office Larsen sought as "Town Board, Town of East Hampton," but failed to specify the position Larsen sought to fill. Pursuant to Town Law § 60 (1), every town board consists of "the supervisor" and "the town councilmen." These are different public offices, and the candidates elected to each office serve terms of different lengths. By failing to specify the posi-

tion Larsen sought, the candidates' designating petition was not sufficiently informative so as to preclude the possibility of confusion (*see Matter of Smith v Mahoney*, 60 NY2d at 597; *see generally Matter of Williams v Westchester County Bd. of Elections*, 65 AD3d 653, 654 [2009]; *Matter of Hayes v New York State Bd. of Elections*, 32 AD3d 660 [2006]; *Matter of Bliss v Nobles*, 297 AD2d 457, 458 [2002]; *Matter of Packer v Board of Elections of City of N.Y.*, 207 AD2d at 514; *Matter of Jacobson v Schermerhorn*, 104 AD2d 534, 535 [1984]; *Matter of Denn v Mahoney*, 64 AD2d 1007, 1008 [1978]; *cf. Matter of Plunkett v Mahoney*, 176 AD2d 1191, 1191 [1991]). Accordingly, the Supreme Court should have granted that branch of the petition which was to invalidate so much of the designating petition as pertained to Larsen.

The petitioners' remaining contention is without merit. Rivera, J.P., Leventhal, Roman, Barros and Brathwaite Nelson, JJ., concur.