(September 11, 2017)

■ In the Matter of JOHN A. FOCHTMAN et al., Respondents, v JAMES COLL, Appellant, et al., Respondent. [60 NYS3d 452]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating James Coll as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Nassau County Legislator, 15th Legislative District, James Coll appeals from a final order of the Supreme Court, Nassau County (Bogle, J.), entered August 16, 2017, which, after a hearing, granted the petition, inter alia, to invalidate the designating petition.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is denied, and the proceeding is dismissed.

On July 13, 2017, James Coll filed a petition with the Nassau County Board of Elections designating him as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of "15th District Nassau County Legislature." It is undisputed that the public office sought by Coll is Nassau County Legislator, 15th Legislative District. On July 25, 2017, John A. Fochtman and Thomas A. Desanno commenced this

proceeding, inter alia, to invalidate the designating petition, contending, among other things, that the designating petition failed to set forth sufficient information to identify the public office being sought. After a hearing, the Supreme Court granted the petition, inter alia, to invalidate the designating petition. Coll appeals.

"Election Law § 6-132 (1) requires that each sheet of a designating petition 'state the public office or party position sought by the candidate' " (*Matter of Notholt v Nassau County Bd. of Elections*, 131 AD3d 641, 642 [2015], quoting *Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589, 590 [2000]; *see Matter of Smith v Mahoney*, 60 NY2d 596, 597 [1983]; *Matter of Packer v Board of Elections of City of N.Y.*, 207 AD2d 513, 514 [1994]). Since many public offices and party positions are susceptible to a variety of descriptions, the " 'description will be deemed adequate so long as the petition, read as a whole, is sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Notholt v Nassau County Bd. of Elections*, 131 AD3d at 642-643, quoting *Matter of Ighile v Board of Elections in City of N.Y.*, 66 AD3d 899, 900 [2009]; *see Matter of Liepshutz v Palmateer*, 112 AD2d 1101, 1101-1102 [1985]; *Matter of Donnelly v McNab*, 83 AD2d 896 [1981]).

Here, the public office sought by Coll, Nassau County Legislator, 15th Legislative District, was described on the designating petition as "15th District Nassau County Legislature," which was sufficiently informative so as to preclude any reasonable probability of confusing or deceiving the signers, voters, or board of elections (*see Matter of Hicks v Walsh*, 76 AD3d 773 [2010]; *cf. Matter of Bragman v Larsen*, 153 AD3d 813 [2d Dept 2017]; *Matter of Sears v Kimmel*, 76 AD3d 1113 [2010]; *Matter of Hayes v New York State Bd. of Elections*, 32 AD3d 660, 661 [2006]; *Matter of Bliss v Nobles*, 297 AD2d 457 [2002]; *Matter of Dunlea v New York State Bd. of Elections*, 275 AD2d 589 [2000]; *Matter of Jacobson v Schermerhorn*, 104 AD2d 534, 535 [1984]; *Matter of Denn v Mahoney*, 64 AD2d 1007 [1978]). Accordingly, the Supreme Court erred in granting the petition, inter alia, to invalidate Coll's designating petition. Dillon, J.P., Barros, Connolly and Christopher, JJ., concur.

---

Motion by the petitioners-respondents to dismiss an appeal from a final order of the Supreme Court, Nassau County, entered August 16, 2017, on the grounds that the appeal is

barred by the doctrine of laches, and it would be impossible, if this Court were to entertain the merits, to render meaningful relief in accordance with the Election Law.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.