Matter of Mahoney v Martin (2019 NY Slip Op 06969)





Matter of Mahoney v Martin


2019 NY Slip Op 06969


Decided on September 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10796
 (Index No. 80069/19)

[*1]In the Matter of John S. Mahoney, appellant-respondent,
v
Edwina Frances Martin, et al., respondents-appellants, et al., respondent.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of party nomination naming Edwina Frances Martin as a candidate of the Democratic Party for the public office of Judge of the Civil Court of the City of New York from the County of Richmond, 1st Municipal District, for assigned vacancy 12, in a general election to be held on November 5, 2019, the petitioner appeals, and the respondents Edwina Frances Martin, Robert J. Gigante, and Belinda A. Dixon cross-appeal, from a final order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated September 12, 2019. The final order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the respondents-appellants are not aggrieved by the final order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the final order is affirmed on the appeal by the petitioner, without costs or disbursements.
On August 9, 2019, a certificate of nomination was filed with the Board of Elections in the City of New York (hereinafter BOE) stating that New York City Civil Court Judge Orlando Marrazzo, Jr., was nominated by the Democratic Party as a candidate for the public office of Justice of the Supreme Court, Thirteenth Judicial District, in a general election to be held on November 5, 2019. That same day, Judge Marrazzo filed a certificate of declination with the BOE in which he declined the nomination of the Democratic Party as a candidate for the public office of Judge of the Civil Court of the City of New York in the same general election. On August 12, 2019, corrected certificates of nomination and declination were filed reflecting the correct spelling of Judge Marrazzo's name.
As a result of Judge Marrazzo's declination, a meeting of the 1st Civil (Municipal) Court District Democratic Committee of Richmond County (hereinafter the committee) was held on August 15, 2019. According to a certificate of party nomination filed with the BOE on August 16, 2019, at the meeting, the committee, by majority vote, duly nominated Edwina Frances Martin as a candidate of the Democratic Party for the public office of Judge of the Civil Court of the City of New York from the County of Richmond, 1st Municipal District, for assigned vacancy 12. The certificate of party nomination was signed by Robert J. Gigante, as chairman and presiding officer, and Belinda A. Dixon, as secretary. However, no affidavit by the persons signing the certificate [*2]attesting to the truth of the statements contained therein was appended to the certificate as required by Election Law § 6-148(4).
On August 26, 2019, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the certificate of party nomination on the ground that it did not comply with Election Law § 6-148(4). On August 28, 2019, an affidavit of Gigante and Dixon containing the required averments was filed with the BOE. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The court concluded, among other things, that the filing of the affidavit on August 28, 2019, did not cure the defect in the certificate of nomination because the affidavit was filed after August 26, 2019, which the court calculated to be the statutory deadline for filing the certificate of party nomination. However, the court concluded that the defect was excusable in light of what it deemed a compelling explanation provided by the committee and a prompt attempt to rectify the error (see Matter of Fuentes v Catalano, 165 AD3d 1010, 1013-1014). The petitioner appeals. We affirm, but on a ground different from the one relied upon by the Supreme Court.
Election Law § 6-158(8) provides, in relevant part, that, with respect to a vacancy caused by a declination of a party nomination made at a primary election, a certificate of nomination to fill such vacancy shall be filed "not later than ten days after the last day to file such declination" (see Matter of Kaufman v Poulos, 165 AD3d 1015, 1017). In order to determine the "last day to file such declination," we must look to Election Law § 6-146(5) to determine Judge Marrazzo's last day to file a declination of his nomination for the office of Civil Court Judge. Election Law § 6-146(5) provides, in relevant part, that a "person who has been nominated for public office by a party or parties and who is thereafter nominated for another office by one or more of such parties . . . may decline such first nomination or nominations not later than the third day after the filing of the certificate of his [or her] nomination or nominations for such other office" (emphasis added). While the certificate of Judge Marrazzo's nomination for the Democratic Party for the office of Justice of the Supreme Court was filed on August 9, 2019, and a corrected certificate regarding that nomination was filed on August 12, 2019, Judge Marrazzo was also nominated by other parties for the office of the Justice of Supreme Court. The certificate of nomination regarding Judge Marrazzo's nomination by the Conservative Party as a candidate for the office of Justice of the Supreme Court was not filed until August 15, 2019. We construe Election Law § 6-146(5) as providing that Judge Marrazzo had three days from that day to decline his "nominations" for the office of Civil Court Judge. Since August 18, 2019, was a Sunday, the following day, Monday, August 19, 2019, was the last day that Judge Marrazzo could decline the nominations (see General Construction Law § 25-a[1]). Pursuant to Election Law § 6-158(8), the deadline for filing the certificate of nomination for the vacancy caused by Judge Marrazzo's declination was 10 days after that date, which was August 29, 2019. We thus conclude that the affidavit filed with the BOE on August 28, 2019, was timely filed, and we further conclude that the affidavit cured the defect of the original certificate of party nomination filed on August 16, 2019 (cf. Matter of Bragman v Larsen, 153 AD3d 813, 815).
In light of our determination, we need not reach the respondents-appellants' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to, in effect, deny the petition and dismiss the proceeding.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court