Matter of Williams v Fisher (2020 NY Slip Op 02746)





Matter of Williams v Fisher


2020 NY Slip Op 02746


Decided on May 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-03435
 (Index No. 54536/20)

[*1]In the Matter of Jennifer Williams, petitioner-respondent,
v
John Fisher, et al., appellants, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Jennifer A. Williams, named herein as Jennifer Williams, as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 92nd Assembly District, John Fisher, Wayne McPartland, Suzanne Berger, and Thomas J. Abinanti appeal from a final order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated April 23, 2020. The final order, after a hearing, granted the petition, inter alia, to validate the designating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner filed a petition with the Westchester County Board of Elections (hereinafter the Board) designating her as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for "New York State Assembly, District 92." The appellants John Fisher, Wayne McPartland, and Suzanne Berger filed objections with the Board. In response to those objections, the Board determined that the designating petition was invalid because it did not properly state the public office sought by the candidate. The petitioner thereafter commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition. After a hearing, the Supreme Court granted the petition, inter alia, to validate the designating petition.
"Election Law § 6-132(1) requires that each sheet of a designating petition state the public office or party position sought by the candidate'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642, quoting Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590). "Since many public offices and party positions are susceptible to a variety of descriptions, the description will be deemed adequate so long as the petition, read as a whole, is sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections'" (Matter of Fochtman v Coll, 153 AD3d 1214, 1215, quoting Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642-643 [internal quotation marks omitted]).
Here, the description on the designating petition—"New York State Assembly, District 92"—was sufficient to inform the signers, voters, and the Board that the petitioner sought the public office of Member of the New York State Assembly for the 92nd Assembly District, and to preclude any reasonable probability of confusion or deception (see Matter of Fochtman v Coll, [*2]153 AD3d at 1215; Matter of Hicks v Walsh, 76 AD3d 773).
Accordingly, we agree with the Supreme Court's determination granting the petition, inter alia, to validate the designating petition.
BALKIN, J.P., AUSTIN, MALTESE, LASALLE and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court