Matter of Kozak v Westchester County Bd. of Elections (2025 NY Slip Op 02817)

Matter of Kozak v Westchester County Bd. of Elections

2025 NY Slip Op 02817

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2025-05065
 (Index No. 61113/25)

[*1]In the Matter of Deborah Kozak, et al., appellants,
v
Westchester County Board of Elections, respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating the petitioners as candidates in a primary election to be held on June 24, 2025, for the party positions of "WC Rep. Committeeman" for a stated "Ward" and "ED," the petitioners appeal from a final order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 24, 2025. The final order, after a hearing, denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On April 3, 2025, the petitioners filed separate petitions with the respondent, Westchester County Board of Elections (hereinafter the Board), designating themselves as candidates in a primary election to be held on June 24, 2025, for the party positions of "WC Rep. Committeeman" for a stated "Ward" and "ED." The Board determined that the designating petitions were invalid for failure to adequately specify the party position sought by each petitioner. The petitioners thereafter commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate their designating petitions. In a final order dated April 24, 2025, the Supreme Court, after a hearing, denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding. The petitioners appeal.
"'Election Law § 6-132(1) requires that each sheet of a designating petition state the public office or party position sought by the candidate'" (Matter of Williams v Fisher, 183 AD3d 675, 676 [internal quotation marks omitted], quoting Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642). "'The description of a public office contains two components—the title of the office and the geographic boundaries of the area represented by the office'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642, quoting Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d 899, 900). "Since many public offices and party positions are susceptible to a variety of descriptions, the 'description will be deemed adequate so long as the petition, read as a whole, is sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections'" (Matter of Fochtman v Coll, 153 AD3d 1214, 1215 [internal quotation marks omitted], quoting Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642-643). "However, 'where the title of the office being sought cannot be discerned by recourse to information contained in the designating petition, it will be invalidated'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 643 [internal quotation marks omitted], quoting Matter of Levine v Turco, 43 AD3d 618, 621).
The Supreme Court properly determined that the petitioners' descriptions of the party [*2]positions they sought were insufficiently specific and capable of causing confusion, even when reviewing each designating petition as a whole (see Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d at 900; Matter of Levine v Turco, 43 AD3d at 621; cf. Matter of Williams v Fisher, 183 AD3d at 676; Matter of Fochtman v Coll, 153 AD3d at 1215). Accordingly, the court properly denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court