Matter of Furlong v Haight (2025 NY Slip Op 02816)

Matter of Furlong v Haight

2025 NY Slip Op 02816

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2025-04974
 (Index No. 51828/25)

[*1]In the Matter of Joseph B. Furlong, et al., appellants,
v
Erik J. Haight, etc., et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating Joseph B. Furlong and Andrea Hunt as candidates in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidates for the public office of "Pawling Town Board," the petitioners appeal from a final order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated April 24, 2025. The final order denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On April 2, 2025, the petitioners filed separate petitions with the Dutchess County Board of Elections (hereinafter the Board) designating themselves as candidates in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidates for the public office of "Pawling Town Board." On April 3, 2025, the Board notified the petitioners that their designating petitions were invalid because they failed to adequately specify the public office being sought. On April 15, 2025, the petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate their designating petitions, alleging that the Board exceeded its authority in rejecting the designating petitions in the absence of objections and that the designating petitions were facially valid. At a court appearance on April 21, 2025, the petitioners' counsel asserted state and federal constitutional claims and requested an evidentiary hearing to resolve them. In a final order dated April 24, 2025, the Supreme Court denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding. The petitioners appeal.
"Election Law § 6-132(1) requires that each sheet of a designating petition state the public office or party position sought by the candidate" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642 [internal quotation marks omitted]; see Matter of Wagner v Elasser, 194 AD3d 891, 893). "Since many public offices and party positions are susceptible to a variety of descriptions, the description will be deemed adequate so long as the petition, read as a whole, is sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" (Matter of Bragman v Larsen, 153 AD3d 813, 815 [internal quotation marks omitted]; see Matter of Packer v Board of Elections of City of N.Y., 207 AD2d 513, 514).
Town Law § 60(1) provides that each town board consists of "the supervisor" and "town council members." By failing to specify the town board office the petitioners sought, the designating petitions were not sufficiently informative so as to preclude the possibility of confusion (see id.; Matter of Bragman v Larsen, 153 AD3d at 815-816; Matter of Packer v Board of Elections [*2]of City of N.Y., 207 AD2d at 514). Further, forms and information published by the Board did not relieve the petitioners from their duty to comply with statutory mandates (see Matter of Smith v Mahoney, 60 NY2d 596, 597; Matter of Landry v Mansion, 65 AD3d 803, 805).
Contrary to the petitioners' contention, the Board was entitled to invalidate the designating petitions despite the absence of third-party objectors (see Election Law § 6-154[6]). Contrary to the petitioners' further contention, under these circumstances, the Board's rejection of the designating petitions "was a ministerial act . . . that . . . left nothing to the exercise of judgment or discretion" (Matter of Sullivan v New York City Bd. of Elections, 224 AD2d 565, 565; see Matter of Bragman v Larsen, 153 AD3d at 815-816).
Further, the Supreme Court providently exercised its discretion in denying the petitioners' request for an evidentiary hearing on their constitutional claims. The petitioners failed to allege any constitutional violations in the petition, inter alia, to validate the designating petitions (see Matter of Castronuova v Nunziato, 227 AD3d 1357, 1358; Matter of O'Connor v Sharpe, 208 AD3d 1458, 1462).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court