Matter of Mandel v Nassau County Bd. of Elections

2026 NY Slip Op 03106

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michael Mandel, etc., appellant,

v

Nassau County Board of Elections, respondent, Jeffrey Gold, etc., respondent-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04375, (Index No. 608138/26)

Colleen D. Duffy, J.P.

Barry E. Warhit

Janice A. Taylor

Lourdes M. Ventura

Phillip Hom, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 4th Congressional District, the petitioner appeals from a final order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated April 24, 2026. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding against the respondents, Nassau County Board of Elections (hereinafter the Board) and Jeffrey Gold, pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 4th Congressional District (hereinafter the designating petition). Gold opposed. In a final order dated April 24, 2026, the Supreme Court denied the petition, inter alia, to validate the designating petition and dismissed the proceeding. The petitioner appeals.

"'Election Law § 6-132(1) requires that each sheet of a designating petition state the public office or party position sought by the candidate'" (Matter of Williams v Fisher, 183 AD3d 675, 676 [internal quotation marks omitted], quoting Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642). "'The description of a public office contains two components—the title of the office and the geographic boundaries of the area represented by the office'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642, quoting Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d 899, 900). "Since many public offices and party positions are susceptible to a variety of descriptions, the 'description will be deemed adequate so long as the petition, read as a whole, is sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections'" (Matter of Fochtman v Coll, 153 AD3d 1214, 1215 [internal quotation marks omitted], quoting Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642-643). "However, 'where the title of the office being sought cannot be discerned by recourse to information contained in the designating petition, it will be invalidated'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 643 [internal quotation marks omitted], quoting Matter of Levine v Turco, 43 AD3d 618, 621).

Here, the original cover sheets of the designating petition failed to contain any information as to the public office or party position sought by the petitioner. Instead, the cover sheets included an email address indicating that the petitioner was running for "Congress." The inclusion of the petitioner's purported email address on the cover sheets did not notify the signatories as to the specific position the petitioner was seeking to be elected to and, thus, did not preclude a reasonable probability of confusing or deceiving the signers, voters, or the Board (see Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d at 900; Matter of Levine v Turco, 43 AD3d at 621).

Although Election Law § 6-134 (2) provides a three-day cure provision for correcting technical violations of the regulations governing designating petitions (see Matter of May v Daly, 254 AD2d 688, 689), here, the omission from the cover sheets of the designating petition of the elected position sought by the petitioner was not merely a technical violation (see Matter of Stoppenbach v Sweeney, 98 NY2d 431, 433; Matter of Hutson v Bass, 54 NY2d 772, 774). Since the cover sheets failed to include this statutorily prescribed content, the cure provision of Election Law § 6-134(2) was not applicable (see Matter of Stoppenbach v Sweeney, 98 NY2d at 433). Moreover, the record does not demonstrate that the designating petition provided the information missing on the cover sheets as to the title of the office sought.

The petitioner's remaining contention is without merit (see Matter of Tabacco v Board of Elections in the City of N.Y., 194 AD3d 890, 891).

Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

DUFFY, J.P., WARHIT, TAYLOR, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court